JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CHARLES DAVIDSON and CD&PWS Enterprises, Inc.

E-filing

## DEFENDANTS
CONOCOPHILLIPS COMPANY

**(b)** County of Residence of First Listed Plaintiff **CONTRA COSTA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Anthony J. Sperber, Esq.
Law Office of Anthony J. Sperber
1808 Sixth Street, Berkeley, CA 94710
Telephone: (510) 845-8844

Attorneys (If Known)

Clement L. Glynn, Esq.; Adam Friedenberg, Esq.
Glynn & Finley, LLP, 100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441

Brief description of cause:
Breach of contract and related tort allegations.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: March 31, 2008

SIGNATURE OF ATTORNEY OF RECORD

BY FAX

E-filing

1   GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
2   ADAM FRIEDENBERG, Bar No. 205778
    JONATHAN A. ELDREDGE, Bar No. 238559
3   One Walnut Creek Center
    100 Pringle Avenue, Suite 500
4   Walnut Creek, CA 94596
    Telephone: (925) 210-2800
5   Facsimile: (925) 945-1975
    cglynn@glynnfinley.com
6   afriedenberg@glynnfinley.com
    jeldredge@glynnfinley.com
7
    Attorneys for Defendant
8   ConocoPhillips Company

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  CHARLES DAVIDSON and CD & PWS  )  Case No.
    ENTERPRISES, INC.,              )
                                    )  **NOTICE OF REMOVAL OF ACTION**
14                                  )
                                    )
15          Plaintiffs,              )
                                    )
16      vs.                         )
                                    )
17  CONOCOPHILLIPS COMPANY and     )
    DOES 1 through 100,             )
18                                  )
            Defendants.             )
19  _____ )

20      TO PLAINTIFFS CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC. AND

21  THE CLERK OF THE ABOVE ENTITLED COURT:

22      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441, Defendant

23  ConocoPhillips Company ("ConocoPhillips") hereby removes to this Court the state court action

24  described below.

25      1.  On or about March 5, 2008, Plaintiffs Charles Davidson and CD & PWS

26  Enterprises, Inc. ("Plaintiffs") filed an action in the Superior Court of the State of California in

27  and for the County of Contra Costa, entitled "*Charles Davidson and CD & PWS Enterprises,*

28  *Inc. v. ConocoPhillips Company*," Case Number C08-00514. Copies of the Summons and

1  Complaint are attached hereto as **Exhibit A**.

2. ConocoPhillips first received copies of the Summons and Complaint on March 5, 2008, when copies of these documents were served on Corporation Service Company, ConocoPhillips' registered agent for service of process in California.

3. ConocoPhillips is informed and believes that Plaintiffs are both citizens of the State of California.

4. ConocoPhillips is a corporation incorporated in Delaware with its principal place of business in Texas.

5. Plaintiffs seek compensatory damages of at least $455,000, as well as alleged lost profits and income, and further pray for disgorgement, restitution and injunctive remedies. (Compl. ¶¶ 21, 22, 25, 30, 35, p. 12.) Accordingly, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. As this is a civil action between citizens of different states and the amount of controversy exceeds $75,000, this Court has original jurisdiction over this action under 28 U.S.C. § 1332. Consequently, ConocoPhillips may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

7. Pursuant to Civil Local Rule 3-2, this action shall be assigned to the San Francisco Division or to the Oakland Division because it is a civil action which arose in Contra Costa County.

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    8.    This Notice of Removal is signed by counsel for ConocoPhillips pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated: April 2, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant
ConocoPhillips Company

- 3 -
NOTICE OF REMOVAL OF ACTION

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONOCOPHILLIPS COMPANY and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2008 MAR -5  A 10: 38

K. TORRE, CLERK OF THE SUPERIOR COURT
CONTRA COSTA, CALIF.

BY_____ D. Wagner, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court, Martinez Courthouse
725 Court Street, Martinez, CA 94553

CASE NUMBER: *(Número del Caso):* C 08 00514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony J. Sperber, Law Office of Anthony J. Sperber
1808 Sixth Street, Berkeley, CA 94710, (510) 845-8844

DATE: *(Fecha)* 3/5/08
CLERK OF THE SUPERIOR COURT

Clerk, by **D. WAGNER**, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Conocophillips Company

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

ANTHONY J. SPERBER, Bar No. 197962
LAW OFFICE OF ANTHONY J. SPERBER
1808 Sixth Street, Berkeley, CA 94710
Tel: 510.845.8844
Fax: 510.845.1998
anthony@sperberlaw.com

Attorneys for
PLAINTIFFS CHARLES DAVIDSON and
CD & PWS ENTERPRISES, INC.

FILED
2008 MAR -5 A 10: 39
K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY_____ O. Wagner, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF CONTRA COSTA
## UNLIMITED CIVIL CASE

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 7

SUMMONS ISSUED

| | |
|---|---|
| CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC., <br><br> PLAINTIFFS <br><br> v. <br><br> CONOCOPHILLIPS COMPANY and DOES 1 through 100, <br><br> Defendants. | Case No. C08 00514 <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> BREACH OF CONTRACT; INTENTIONAL MISREPRESENTATION; NEGLIGENT MISREPRESENTATION; VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 <br><br> Jury Trial Demanded |

BY FAX

### GENERAL ALLEGATIONS

Plaintiffs Charles Davidson and CD & PWS Enterprises, Inc. ("PLAINTIFFS") allege:

1. PLAINTIFFS were, at all times mentioned in this Complaint, residents of Contra Costa County, California.

2. PLAINTIFFS are informed and believe that Defendant CONOCOPHILLIPS COMPANY ("CONOCO") is, and at all times mentioned in this Complaint was, a corporation qualified to do business in California and at all times mentioned herein, was doing business in Contra Costa County.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF    - 1 -

3.   As set forth below, PLAINTIFFS entered into and began performance upon a contract with CONOCO in Contra Costa County. The unlawful acts of CONOCO, alleged herein, occurred in Contra Costa County and PLAINTIFFS suffered damages in Contra Costa County. Therefore, Contra Costa County, California is the proper venue for this action.

4.   PLAINTIFFS do not know the true names of DOES 1 through 100, inclusive, and therefore sue them by those fictitious names. PLAINTIFFS will amend this Complaint to show the true identities and capacities of the DOE defendants when they have been ascertained.

5.   In 2001, PLAINTIFFS purchased a business known as "Country Club 76," located at 8998 Alcosta Boulevard in San Ramon, California, for $522,000, plus inventory. This business consisted of a gas station, convenience store and service bays for repairing automobiles. An oil company named TOSCO owned the land on which this business was located. In September 2001, TOSCO was purchased by Phillips 66, which merged the following year with Conoco, Inc. The resulting company was CONOCO, which is the only oil company relevant to this case. PLAINTIFFS entered into a "Dealer Station Lease and Motor Fuel Agreement" ("LEASE AGREEMENT") with CONOCO on or about October 2, 2003. This LEASE AGREEMENT was a standard contract between an oil company and a gas station owner, providing the rental terms for the property as well as a wide variety of rights and obligations regarding the appearance, maintenance, and sale of fuels on the site.

6.   In 2002, PLAINTIFFS were informed of a rental reimbursement program offered by CONOCO. This reimbursement program provided that, if the gas station owner made improvements on the property, CONOCO would reimburse the owner for the expenditures via rent rebates over a number of years. PLAINTIFFS took advantage of the rental reimbursement program and remodeled the convenience store at the San Ramon station. This remodeling cost approximately $41,000, which was reimbursed to PLAINTIFF over a number of years in the form of a $400 deduction in the monthly rental rate.

7.   In January 2003, PLAINTIFFS received another letter from CONOCO, discussing a new rental reimbursement program regarding the improvement of service bays. This letter proposed rental rebate terms that mirrored the previous convenience-store reimbursement program.

PLAINTIFFS decided to take advantage of this program and build a car wash in one of the station's service bays. PLAINTIFFS met with David Vann, the CONOCO Dealer & Reseller Account Representative on or about July 1, 2003 to discuss the car wash installation. On July 24, 2003, PLAINTIFFS wrote a letter to David Scarlet of CONOCO, copying David Vann, to announce PLAINTIFFS' intention to convert a service bay into a car wash, pursuant to the reimbursement program. This letter included a paragraph explaining that PLAINTIFFS were expecting to receive rental reimbursement for the costs of the car wash installation. On July 25, 2003, CONOCO sent a response to PLAINTIFFS, approving a "car wash – roll over style" at the San Ramon station. There was absolutely no indication in this letter that rent reimbursement was unavailable to PLAINTIFFS or that PLAINTIFFS were mistaken in their understanding that they were eligible for the rent reimbursement.

8. PLAINTIFFS spent the next two years working to get municipal approval for the car wash. To aid in the approval process, PLAINTIFFS spent a large sum of money to retain an architect, sound engineer and civil engineer to ensure that the car wash would have a minimal negative impact on the surrounding community. PLAINTIFFS made sure to keep CONOCO'S David Vann and Greg Pellegrino, Director of Wholesale Operations, updated throughout this time and frequently copied them on relevant correspondence, sent them emails with status updates, and spoke with them on the telephone.

9. In or around early 2006, PLAINTIFFS needed a loan to afford the car wash project, so they sought financing with a number of banks. These banks refused to loan PLAINTIFFS money since CONOCO, not PLAINTIFFS, owned the land where the gas station was located. PLAINTIFFS explained this dilemma to CONOCO'S Greg Pellegrino, who referred PLAINTIFFS to U.S. Energy Capital Bank. PLAINTIFFS applied for a loan with U.S. Energy Capital Bank and made it clear in their application that they were expecting rental reimbursement from CONOCO for the cost of the car wash project. U.S. Energy Capital Bank approved PLAINTIFFS' request for a $250,000 loan on or about February 16, 2006 and disbursed it soon thereafter.

10. PLAINTIFFS ultimately prevailed in the municipal approval process in January 2006 when the mayor of San Ramon formally accepted their proposal for a car wash. By this point in the

project, PLAINTIFFS had spent more than $275,000 getting the car wash approved and had made significant steps towards acquiring $180,000 of equipment for the car wash. In total, PLAINTIFFS had taken on a $455,000 improvement project.

11. PLAINTIFFS met with Greg Pellegrino of CONOCO in or around March 2006 at the Big Horn Steakhouse in San Ramon, California to discuss rent reimbursement for the car wash costs. Mr. Pellegrino attempted to characterize rental reimbursement as discretionary, threatened to refuse to reimburse PLAINTIFFS and left the meeting stating that he would "think about it". On April 18, 2006, PLAINTIFFS sent an email to David Vann of CONOCO informing him of the upcoming first payment on the U.S. Energy Capital loan, scheduled for May 15, 2006, and requested prompt rent reimbursement from CONOCO. On June 14, 2006, Greg Pellegrino sent a letter to PLAINTIFFS stating that "we do not currently have a program to offer assistance to dealers for making investments at their sites," effectively denying PLAINTIFFS any rental reimbursement for their investment in the car wash. After Greg Pellegrino's June 14, 2006 letter, PLAINTIFFS sought clarification of the rental reimbursement issue with Bill Brasher, a CONOCO Dealer & Reseller Account Representative. Bill Brasher sent PLAINTIFFS an email on September 26, 2006 stating that "economic incentive programs previously promoted by CONOCO and its predecessors are not available at this time." Apparently, all of CONOCO'S rent reimbursement programs were cancelled, yet PLAINTIFFS had never been informed of this.

12. Since the equipment had been ordered and paid for, PLAINTIFFS installed the car wash, which operated from December 2006 to October 17, 2007. In April 2007, PLAINTIFFS filed an ethics complaint with CONOCO against Bill Brasher, David Vann and Greg Pellegrino.

13. Although Greg Pellegrino and Bill Brasher had previously stated that no reimbursement programs were in place, PLAINTIFFS received on July 24, 2007 a "consent to dealer modification" from CONOCO outlining an agreement to reimburse him for $275,000 over 7 years for the cost of the car wash improvements. PLAINTIFFS immediately contacted CONOCO and asked why the reimbursement agreement was for $275,000 instead of the total cost of $455,000. CONOCO responded that the reimbursement would not cover the cost of "removable equipment", which according to CONOCO, included most of the car wash equipment that PLAINTIFFS had ordered and

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF    - 4 -

installed. PLAINTIFFS refused to sign this agreement since it left $180,000 of the investment uncompensated.

14. PLAINTIFFS could not withstand the burden of paying the U.S. Energy Capital Bank loan in addition to their usual expenses without rental reimbursement. Since CONOCO refused to reimburse PLAINTIFFS, PLAINTIFFS were initially forced, in the summer of 2007, to sell gas at a loss in order to make timely payments. This tactic proved to be futile and PLAINTIFFS missed a number of gasoline payments and loan payments. Prior to the summer of 2007, PLAINTIFFS had good credit. However, in 2007, their mounting financial burden severely damaged PLAINTIFFS' credit.

15. As time passed and the financial burdens became worse, PLAINTIFFS were forced to sell their other gas station. (In 2003, they had purchased another CONOCO gas station in Pleasanton, California, known as "Pleasanton 76.") PLAINTIFFS did not have the opportunity to sell the San Ramon gas station, since CONOCO demanded that PLAINTIFFS vacate within 30 days due to alleged violation of the LEASE AGREEMENT for failure to continuously sell gasoline on the premises. This "violation" of the LEASE AGREEMENT was the direct result of CONOCO'S wrongful actions, since PLAINTIFFS could not afford a continuous supply of gasoline without the promised rent reimbursement. PLAINTIFFS had attempted to sell the San Ramon station in order to mitigate damages, and had the station on the market for approximately six months, but it did not sell.

16. PLAINTIFFS finally sold the Pleasanton gas station, but during negotiations, the buyer lowered his offer by $160,000 because PLAINTIFFS had recently sold gas at the station for a loss, which allegedly decreased the value of the business. Although the station was making record profits in 2007, PLAINTIFFS had to agree to this lower price because of their desperate financial situation and to mitigate their damages.

17. To make ends meet, Mr. and Mrs. Davidson was forced to sell their car, the family home (10 Golden Ridge Lane, Alamo, CA 94507) and their rental property (103 Blossom Court, Danville, CA 94506)—at a combined loss of more than $100,000. In addition to these immediate losses, the Davidsons' real estate losses continue to increase in that they are no longer able to enjoy the appreciation on those properties. Mr. & Mrs. Davidson were forced to move into an extended-stay

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF    - 5 -

hotel with their cats. The Davidsons have been turned away from rental housing due to poor credit scores. Mr. Davidson has tried to get a job, but been rejected because of his poor credit score. Mr. Davidson and his wife have suffered immeasurably due to CONOCO'S willful refusal to fully reimburse PLAINTIFFS for their significant investment in the gas station.

## FIRST CAUSE OF ACTION
### Breach of Contract
### [AGAINST CONOCO]

18.  PLAINTIFFS incorporate by reference paragraphs 1 through 17, inclusively, as if fully set forth herein.

19.  Between 2003 and 2007, a verbal contract was formed between the Davidson's family-owned company, CD & PWS Enterprises, Inc. ("the Company") and CONOCO. This contract provided PLAINTIFFS with the right to reimbursement from CONOCO for all improvements made at the San Ramon gas station. This contract can be traced to three independent sources, which constitute valid formation:

    a.  The first source is the prior verbal agreement between PLAINTIFFS and CONOCO in 2002 for rental reimbursement in exchange for the cost of improving the convenience store at PLAINTIFFS' San Ramon gas station. This prior verbal contract, which was fully completed by both parties, mirrors the contract at issue. The essential terms of each agreement are the same: CONOCO agrees to provide rental rebates in order to reimburse PLAINTIFFS for the cost of improving the property owned by CONOCO—an agreement that provides considerable economic benefit to CONOCO.

    b.  The second source of this contract is the January 8, 2003 letter from CONOCO to PLAINTIFFS announcing a "rent waiver" program for service bay conversion. This letter was definite in its terms and explicitly offered reimbursement for service bay conversion. This letter went on to state that "[w]e recognize that your business may require time to accommodate the new program, thus our time frame to reach this target is over the next several years." In response to this letter, PLAINTIFFS converted the service bay into a car wash at a significant cost and fulfilled their end of the bargain. The rent reimbursement offer was explicitly open for "the next several years," which included the time when PLAINTIFFS made improvements to the gas station. CONOCO was

therefore obligated to fulfill its end of the bargain and reimburse PLAINTIFFS for their full investment through a rent waiver.

      c.     The third source of the contract is the conduct of CONOCO and PLAINTIFFS from 2003 to 2007. In his July 24, 2003 letter to CONOCO, Mr. Davidson clearly stated that he was "entitled to reimbursement through a rent waiver" for the cost of the car wash project. CONOCO received and reviewed this letter and even issued an "Initial Review and Approval" letter to the PLAINTIFFS the next day. CONOCO did not indicate any disagreement with PLAINTIFFS' asserted entitlement to rent reimbursement, nor with the existence of the rent reimbursement program. CONOCO did not provide any indication, either written or verbal, of a change in the existing reimbursement policy until June 14, 2006, when PLAINTIFFS received a letter stating that there was no reimbursement policy in effect. This was <u>three years</u> after Mr. Davidson sent the July 24, 2003 letter. By this time, PLAINTIFFS had invested over $455,000 in the good faith construction of the car wash.

20.    A contract was formed in this case through the combination of the prior verbal rent reimbursement agreement, the parties' 2003 correspondence, and the conduct of the parties over the relevant four years. This contract obligated CONOCO to provide PLAINTIFFS with full rent reimbursement for their investment in the car wash.

21.    CONOCO has failed and refused to tender its performance required by the contract. CONOCO'S failure and refusal to perform its obligations under the contract has directly damaged PLAINTIFFS, caused significant economic hardship, and ultimately, total financial collapse. PLAINTIFFS lost ownership of their San Ramon and Pleasanton gas stations, which made up the entire annual income for the Davidson family. Both stations were making consistent profits prior to the car wash dispute and were expected to continue generating profits for the foreseeable future. PLAINTIFFS has lost all of these profits as a result of CONOCO'S breach.

22.    PLAINTIFFS invested over $455,000 into the car wash at the San Ramon gas station. This car wash was reasonably expected to increase gas sales at the San Ramon station and provide a secondary source of income to PLAINTIFFS, in addition to fuel sales. PLAINTIFFS also lost these profits as a result of CONOCO'S breach.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF   - 7 -

23. As a result of CONOCO'S refusal to abide by the contract and provide the promised reimbursement, PLAINTIFFS were not able to continue operating the San Ramon station. After PLAINTIFFS' pleas for assistance were rejected, PLAINTIFFS were forced to close the station. On or about October 18, 2007, PLAINTIFFS notified CONOCO that they had to close the station due to the "lack of cash, credit card reimbursement, project reimbursement and assistance from ConocoPhillips." CONOCO responded by evicting PLAINTIFFS from the San Ramon station a few days later. CONOCO then took control of the station, including the car wash, which CONOCO had refused to pay for. CONOCO was unjustly enriched in the amount of the value of the car wash as a result of its breach of contract and resulting eviction of PLAINTIFFS.

24. PLAINTIFFS sustained direct damage to their credit as a result of CONOCO'S breach of contract. PLAINTIFFS' credit score was significantly harmed as a result of CONOCO'S refusal to provide them with the promised rent reimbursement. Mr. & Mrs. Davidson have been refused rental housing and alternate employment as a result of this damaged credit. Mr. Davidson had made a concerted effort to obtain employment in order to mitigate his damages, but has been refused.

25. PLAINTIFFS were forced to sell two pieces of property at a loss of more than $100,000, for which CONOCO is liable. PLAINTIFFS were forced to sell the Pleasanton gas station in 2007 as a result of CONOCO'S breach. The Pleasanton gas station sale price was lowered by $160,000 as a result of the PLAINTIFFS' financial troubles, which were caused by CONOCO'S breach. Therefore, CONOCO is liable for the difference between the true market price of the gas station and the depressed sale price.

**SECOND CAUSE OF ACTION**
**Intentional Misrepresentation**
**[AGAINST CONOCO]**

26. PLAINTIFFS incorporate by reference paragraphs 1 through 25, inclusively, as if fully set forth herein.

27. As described herein, CONOCO knowingly and repeatedly misrepresented and concealed materials facts from PLAINTIFFS including, but not limited to, PLAINTIFFS' entitlement to rent reimbursement for improvements that they made to the gas station and, indeed, the very existence of a rent reimbursement program. For the reasons set out above, PLAINTIFFS had a

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF   - 8 -

reasonable belief that they were entitled to rent reimbursement for the total cost of improvements that they made to the gas station. CONOCO, knowing that PLAINTIFFS were expecting reimbursement, waited three years and allowed PLAINTIFFS to spend hundreds of thousands of dollars installing a car wash before telling them that they were not entitled to rent reimbursement.

28. In misrepresenting and concealing these material facts, CONOCO intended to, and did, induce PLAINTIFFS into investing hundreds of thousands of dollars in the construction of a car wash at the San Ramon gas station.

29. PLAINTIFFS actually and reasonably relied on CONOCO'S misrepresentations and concealments to their own detriment, by spending over $455,000 to plan and build a car wash at the San Ramon gas station, believing that they would receive rent reimbursement from CONOCO equal to the total cost of the improvements.

30. As a direct and proximate result of CONOCO'S misrepresentation and concealment of material facts, PLAINTIFFS suffered irreparable financial harm and lost the two gas stations which provided the Davidsons with their entire source of income. PLAINTIFFS took out a $250,000 loan and spent over $455,000 to build a car wash which they would not have done but for CONOCO'S misrepresentations and concealments. Furthermore, PLAINTIFFS suffered significant emotional distress as a result of losing both of businesses, their car, the family home, and rental property. Additionally, PLAINTIFFS have sustained substantial harm to their credit, which in turn has seriously impacted the Davidsons' housing situation and employment opportunities.

31. In making these misrepresentations and concealments to PLAINTIFFS, CONOCO has acted with malice, oppression and/or conscious disregard, justifying an award of punitive damages under Civil Code section 3294.

### THIRD CAUSE OF ACTION
### Negligent Misrepresentation
### [AGAINST CONOCO]

32. PLAINTIFFS incorporate by reference paragraphs 1 through 31, inclusively, as if fully set forth herein.

33. As described herein, CONOCO repeatedly misrepresented and concealed from PLAINTIFFS material facts including, but not limited to, PLAINTIFFS' eligibility for rent

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF     - 9 -

reimbursement for improvements made on the gas station. In misrepresenting and concealing these material facts, CONOCO intended to, and did, induce PLAINTIFFS to invest over $455,000 and four years of work into the construction of a car wash at the San Ramon gas station.

34. PLAINTIFFS actually and reasonably relied on CONOCO'S misrepresentation and concealment to their own detriment, by spending hundreds of thousands of dollars on the planning and construction of the car wash under the reasonable belief that they would be fully reimbursed for the cost of the improvements.

35. As a direct and proximate result of CONOCO'S misrepresentation and concealment, PLAINTIFFS suffered irreparable financial harm and lost the two gas stations that provided the Davidsons with their income. PLAINTIFFS took out a $250,000 loan and spent over $455,000 to build a car wash, which they would not have done but for CONOCO'S misrepresentation and concealment. Furthermore, the Davidsons have suffered significant emotional distress as a result of losing both of their businesses, their car, the family home, and rental property. Additionally, PLAINTIFFS sustained harm to their credit which has seriously impacted the Davidsons' housing situation and employment opportunities. In making these misrepresentations and concealments to PLAINTIFFS, CONOCO has acted with malice, oppression and/or conscious disregard, justifying an award of punitive damages under Civil Code section 3294.

### FOURTH CAUSE OF ACTION
### Unfair Business Practices
### (Business And Professions Code Section 17200)
### [AGAINST CONOCO]

36. PLAINTIFFS incorporate by reference paragraphs 1 through 35, inclusively, as if fully set forth herein.

37. CONOCO is a "person," as defined under Business and Professions Code section 17021.

38. CONOCO sells petroleum products to the public as defined in Business and Professions Code sections 17022 and 17024.

39. PLAINTIFFS are informed and believe that for the past four years, CONOCO has engaged in the following unfair business practices in violation of Section 17200 of the Business and

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF - 10 -

Professions Code. CONOCO made misrepresentations to and concealments from PLAINTIFFS, as well as to similarly situated gas station owners ("DEALERS"), regarding their eligibility for rent reimbursement programs to induce them to make improvements at CONOCO gas stations using the DEALERS' own money. CONOCO then intentionally and improperly cancelled or selectively applied these reimbursement programs without providing any notice to PLAINTIFFS or the other DEALERS in order to gain an unfair business advantage. CONOCO'S failure to reimburse PLAINTIFFS or the other DEALERS for the cost of improvements has caused the PLAINTIFFS and the other DEALERS significant financial hardship, substantial damages, and loss of their businesses. CONOCO has enjoyed the unjust benefit of reacquiring PLAINTIFFS' San Ramon gas station, which has been significantly improved with a car wash for no additional cost to CONOCO.

40. As a result of these actions, PLAINTIFFS, on information and belief, allege that CONOCO was able to unfairly complete with other petroleum companies by committing fraud in violation of Business and Professions Code section 17200, *et seq*. Due to these unfair, fraudulent and/or unlawful business practices, CONOCO has gained a competitive advantage over other comparable companies conducting lawful business in the State of California. The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, PLAINTIFFS and other DEALERS, competing businesses in the State of California, the purchasers of CONOCO'S petroleum products, and the general public. PLAINTIFFS are informed and believe and thereon allege that CONOCO performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring PLAINTIFFS, other DEALERS, competitors, customers, and the general public.

41. The above-described offenses are punishable pursuant to Business and Professions Code section 17200 and other statutes. These acts constitute continuing and ongoing unfair, unlawful, and fraudulent activities prohibited by Business and Professions Code section 17200, *et seq*. and justify the issuance of an injunction. All remedies are cumulative pursuant to Business and Professions Code section 17205.

42. Pursuant to Business and Professions Code section 17203, PLAINTIFFS, on behalf of themselves, other DEALERS of CONOCO, competitors and the general public, request restitution

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF - 11 -

and/or disgorgement of all assets and profits wrongfully retained by CONOCO in violation of Business and Professions Code section 17200, *et seq.*

### PRAYER FOR RELIEF

PLAINTIFFS pray for judgment against CONOCO as follows:

1. For actual and compensatory damages;
2. For statutory penalties as set forth herein;
3. For prejudgment interest on all amounts claimed;
4. For punitive damages;
5. For an order of disgorgement and restitution of all improperly withheld assets and profits;
6. For injunctive relief prohibiting the unfair, unlawful, and fraudulent activities alleged herein; and
7. For any other and further relief that the Court considers proper.

Dated: March 4, 2008

LAW OFFICE OF ANTHONY J. SPERBER

By: _____
Anthony J. Sperber
Attorney for Plaintiffs Charles Davidson
and CD & PWS Enterprises, Inc.