GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
cglynn@glynnfinley.com
afriedenberg@glynnfinley.com
jeldredge@glynnfinley.com

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC.,

    Plaintiffs,

vs.

CONOCOPHILLIPS COMPANY and DOES 1 through 100,

    Defendants.

Case No. C 08-01756 BZ

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT CONOCOPHILLIPS COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Date: July 2, 2008
Time: 10:00 a.m.
Courtroom: G
Before: Hon. Bernard Zimmerman

---

CONOCOPHILLIPS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. The Petroleum Marketing Practices Act Preempts Plaintiffs' Claims To The Extent They address The Franchise Termination..........................................1

    B. Count One Fails To State A Claim For Breach Of Contract .......................................3

        1. The parol evidence rule bars Plaintiffs' claim....................................................3

            a. Any preexisting agreement regarding the Station merged into the 2007 Franchise Agreement ....................................................................3

            b. Plaintiffs may not rely on parol evidence to "challenge the validity of the contract." .................................................................4

            c. The 2007 Agreement is unambiguous .........................................................5

            d. Parol evidence is not admissible "to show a consistent collateral agreement" ................................................................................5

        2. Parol evidence is not admissible to correct a "mistake" or "omission" or to "reform" the 2007 Franchise Agreement ....................................................6

        3. The statute of frauds bars Plaintiffs' allegations of oral contract......................8

    C. Counts Two and Three Fail To State Claims For Fraud .............................................9

        1. The parol evidence rule bars Plaintiffs' fraud claims ........................................9

        2. Plaintiffs fail to allege the essential elements of fraud ......................................9

            a. Plaintiffs allege no actionable misrepresentation .......................................9

            b. Plaintiffs fail to allege knowledge of falsity.............................................10

            c. Plaintiffs fail to allege justifiable reliance ................................................11

            d. Plaintiffs fail to allege a benefit to ConocoPhillips ..................................12

    D. Count Four Fails To State A Claim For Unfair Business Practices Under California Business and Professions Code § 17200 ..................................12

III. CONCLUSION...................................................................................................................13

# TABLE OF AUTHORITIES

CASES

*Alling v. Universal Manufacturing Corp.*
    5 Cal.App.4th 1412 (1992) .................................................................................. 4

*Banco Do Brasil, S.A. v. Latian, Inc.*
    234 Cal.App.3d 973 (1991) ................................................................................. 6

*Continental Airlines, Inc. v. McDonnell Douglas Corp.*
    216 Cal.App.3d 388 (1989) ................................................................................. 5

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) ........................................................ 10, 12

*Hackethal v. National Casualty Co.*
    189 Cal.App.3d 1102 (1987) ......................................................................... 11, 12

*Hadland v. NN Investors Life Ins. Co.*
    24 Cal.App.4th 1578 (1994) ............................................................................... 12

*Hayter Trucking, Inc. v. Shell Western E & P, Inc.*
    18 Cal.App.4th 1 (1993) .................................................................................. 5, 6

*Hess v. Ford Motor Co.*
    27 Cal.4th 516 (2002) .......................................................................................... 6

*In re Herbert*
    806 F.2d 889 (9th Cir. 1986) ............................................................................ 1, 2

*Khoury v. Maly's of Calif., Inc.*
    14 Cal.App.4th 612 (1993) ................................................................................ 13

*Mat-Van, Inc. v. Sheldon Gould & Co. Auctions, LLC*
    2008 WL 346421 (S.D. Cal. February 6, 2008) ................................................... 9

*Olsen v. Provident Life & Acc. Ins. Co.*
    1998 WL 410888 (N.D. Cal. 1998) ............................................................... 11, 12

*Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Develop. Corp.*
    32 Cal.App.4th 985 (1995) .................................................................................. 5

*Searle v. Wyndham International, Inc.*
    102 Cal.App.4th 1327 (2002) ............................................................................ 13

*Simmons v. Mobil Oil Corp.*
    29 F.3d 505 (9th Cir. 1994) ......................................................................... 2, 3, 7

*Slivinsky v. Waktins-Johnson Co.*
    221 Cal.App.3d 799 (1990) ............................................................................... 12

CONOCOPHILLIPS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1
2

**TABLE OF AUTHORITIES**
Continued

3   *South Bay Chevrolet v. GMAC*
4       72 Cal.App.4th 861 (1999) .................................................................................. 13

*Sunniland Fruit, Inc. v. Verni*
5       233 Cal.App.3d 892, 898 [284 Cal.Rptr. 824] (1991) ......................................... 6

6

**STATUTES**

7
California Business and Professions Code section 17200 .............................................. 12
8
California Code of Civil Procedure section 1856(b) ...................................................... 6
9

10  **OTHER AUTHORITIES**

11  5 Witkin, *Summary of Cal. Law* (10th ed. 2005) Torts § 800, p. 1157 ................... 11, 12

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant ConocoPhillips Company ("ConocoPhillips") submits this reply memorandum in support of its motion to dismiss Plaintiffs' Complaint.

## I.   INTRODUCTION

Plaintiffs offer numerous defenses to enforcement of the parties' integrated written agreement (the 2007 Franchise Agreement). Plaintiffs did not plead any of these theories (e.g., ambiguity, mistake, duress) in the Complaint. But what is truly fatal to the Complaint is that Plaintiffs entered multiple, successive written contracts (the "2001, 2004 and 2007 Franchise Agreements"), each containing an unambiguous integration clause. In opposition, Plaintiffs ask the Court to ignore these agreements and instead enforce an alleged oral promise for rent reductions that is directly contrary to the written agreements. Plaintiffs' claims all fail, because all require the Court to disregard an integration clause that cannot be avoided.

In any event, such an oral agreement would be an impermissible oral modification of the parties' 2001 Franchise Agreement. Moreover, although Plaintiffs allege a panoply of written correspondence and alleged oral representations, they can point to no definite and enforceable contractual promise by ConocoPhillips to provide rent reimbursement or reduction. In fact, Plaintiffs fail even to address this fundamental defect.

Plaintiffs' fraud and statutory claims impermissibly seek to transmute unenforceable contract allegations into claims for fraud and unfair business practices. Thus these claims fail as well. The Court should therefore grant ConocoPhillips' motion and dismiss the Complaint. As dismissal is justified not for pleading deficiencies, but by substantive legal bars, dismissal should be with prejudice.

## II.   ARGUMENT

### A.   The Petroleum Marketing Practices Act Preempts Plaintiffs' Claims To The Extent They Address The Franchise Termination.

Plaintiffs admit their claims directly address, and seek damages for, the termination of their petroleum franchises (both at the San Ramon station at which they allegedly constructed the car wash and at a second station in Pleasanton). The PMPA, however, preempts all state law claims with respect to petroleum franchise termination. *See, e.g., In re Herbert*, 806 F.2d 889,

892 (9th Cir. 1986). Plaintiffs argue their claims address the termination only incidentally, and are thus permitted, citing *Simmons v. Mobil Oil Corp.*, 29 F.3d 505 (9th Cir. 1994), among other cases. In *Simmons*, the Plaintiff asserted multiple claims for breach of the implied covenant of good faith and fair dealing, and the Court found that one such claim was not preempted. In another claim, however, Simmons alleged that Mobil's refusal to include favorable rent provisions in a renewed franchise agreement was the cause of the agreement's ultimate termination. *Id.* at 510, 512. The Court therefore found that "Simmons' claims based on Mobil's rent structure are clearly preempted." *Id.* at 512.

Plaintiffs' claims here directly challenge the legitimacy of the franchise terminations, alleging that ConocoPhillips' breach of its alleged obligation to provide rent waivers was the direct cause of the franchise terminations.[1] Indeed, their argument on this point perfectly illustrates the contradictory positions that characterize their entire case. On the one hand, Plaintiffs argue their claims are not preempted because they are purely incidental to the franchise agreement and "have nothing to do with franchise termination." (Docket No. 10 at 7:17-18.) On the other hand, they claim that they signed the 2007 Agreement only under duress or as a result of a mistake, and the alleged agreement to provide a rent waiver therefore survived, and must be read into, the 2007 Agreement. (Docket No. 10 at 16:4-17:28.) If truly Plaintiffs believed the 2007 Agreement materially changed the franchise terms, their claim was for nonrenewal under the PMPA. *See* 29 F.3d 505, 512 ("[i]f Simmons was dissatisfied with the rent proposed by Mobil in the August 1988 agreement, the proper remedy would have been to refuse to sign the agreement and to bring an action under the PMPA for nonrenewal of the franchise agreement"). Plaintiffs cannot avoid preemption merely by nominally pleading state law theories. Thus,

---

[1] In reality, Plaintiffs' defaults were the result of their inadequate capitalization and mismanagement, and not ConocoPhillips' denial of rent subsidies. Even under Plaintiffs' theory of the alleged agreement, ConocoPhillips would have been obligated not to provide cash reimbursements, but a monthly rent reduction amortized over several years (as in the 2002 Modification which Plaintiffs claim forms the basis of the rent waiver agreement). Had the subsidies Plaintiffs seek commenced in 2007 as Plaintiffs allege was required, the result would have been at most a few thousand dollars in savings to Plaintiffs during the period that preceded their defaults and consequent franchise terminations. Thus, Plaintiffs' argument that the denial of these subsidies was the sole and direct cause of the financial calamity, resulting in losses of $3 million, is beyond implausible.

Plaintiffs' claims all fail and must be dismissed to the extent they address, or seek damages for, ConocoPhillips' termination of their petroleum franchise agreements.[2]

### B.  Count One Fails To State A Claim For Breach Of Contract.

ConocoPhillips' motion showed that Plaintiffs have not alleged sufficient facts on which to find formation of an enforceable rent reimbursement agreement. (Docket No. 8-2 at 10:5-12:7.) In opposition, Plaintiffs argue that because they have pointed to a number of oral and written communications, ConocoPhillips has missed the forest for the trees. But a grove of dead trees does not constitute a forest. The myriad correspondence and oral discussions alleged by Plaintiffs fail to evidence *any* definite and enforceable agreement to reimburse any amount, or even any category, of expenditure. (*Id.*)

Moreover, even if the parties entered an oral agreement in 2002 and 2003 as Plaintiffs allege, it would nevertheless be an unenforceable oral modification of the then extant 2001 Agreement. (Ex. A to Mot. at p. 27, ¶ 50(b).) Thus, even in theory, no enforceable agreement formed, or could have. Indeed, Plaintiffs' numerous arguments against application of the parole evidence rule and statute of frauds are all insufficient to prevent dismissal.

#### 1.  The parol evidence rule bars Plaintiffs' claim.

##### a.  Any preexisting agreement regarding the Station merged into the 2007 Franchise Agreement.

Plaintiffs claim that the integration clause of the 2007 Agreement somehow constitutes an impermissible and unknowing waiver of their right to reimbursement for their expenditures on car wash improvements. (Docket No. 10 at 11:21-12:20.) They also argue that the 2007 Agreement was not fully integrated because it was "silent on the car wash program. . . ." (*Id.* at 12:24-25.) These arguments reflect, at best, a profound misunderstanding of the parol evidence rule and the very purpose of an integration clause. The purpose of an integrated commercial agreement is to delineate the parameters of the parties' relationship such that the terms of the

---

[2] Plaintiffs cite numerous other cases in addition to *Simmons* in support of their argument against preemption. However, none of these cases holds that the PMPA does not preempt state law claims, such as those alleged here by Plaintiffs, that have the effect of directly alleging an improper franchise termination.

1  integrated writing may not be contradicted by prior oral or written agreements.[3] To allow
2  enforcement of a separate and contradictory oral agreement simply because the precise subject
3  matter was unaddressed in the written contract would be to render the parol evidence rule
4  hollow, applicable only to potential oral agreements specifically recited and rejected in the
5  integrated contract. No authority supports such a nonsensical view, and indeed Plaintiffs cite
6  none.

7  The 2007 Agreement explicitly provided that it constituted the parties' entire agreement
8  with respect to the Station, and that all prior agreements were superseded and canceled. (Ex. C
9  to Mot. at p. 29, ¶ 49.) It included detailed provisions with respect to the monthly rental, and
10  thereby makes clear that Plaintiffs' rental of the Station would not be subject to any "rent
11  waiver" or reimbursement for capital improvements. Plaintiffs freely entered the agreement, and
12  though they may now regret this choice, their regret provides no basis for relief. Count one thus
13  fails for this independent reason.

     **b. Plaintiffs may not rely on parol evidence to "challenge the validity of the contract."**

16  Plaintiffs argue that "[t]he parol evidence rule does not prevent a party from introducing
17  evidence showing the party was fraudulently induced to enter the agreement." (Docket No. 10 at
18  13:11-12.) Though correct, this argument is irrelevant. Plaintiffs' fraud allegations do not seek
19  to void the Franchise Agreement, and do not allege that ConocoPhillips' alleged representations
20  induced Plaintiffs to enter into or renew their franchise relationship with ConocoPhillips.

---

[3] Plaintiffs contend that under *Alling v. Universal Manufacturing Corp.*, 5 Cal.App.4th 1412, 1434 (1992), the integration clause of the 2007 Franchise Agreement is not dispositive, but instead the Court is required to look beyond the agreement to determine whether it was intended to be the parties' final and exclusive agreement with respect to the Station lease. (Docket No. 10 at 13:1-7.) *Alling*, however, simply holds that determining whether an agreement is an integration -- i.e., "whether it was intended by the parties as a final, complete and exclusive statement of their agreement" -- is a question of law for the Court. 5 Cal.App.4th at 1434. It explicitly recognized that the relevant inquiry is whether the agreement itself appears to state a complete agreement and whether the alleged oral agreement is contradictory of, rather than truly separate from, the written agreement. *Id.* "[A] prior or contemporaneous collateral oral agreement relating to the same subject matter may sometimes be admitted in evidence. However, this is true only where it is *not inconsistent* with the terms of the integration." *Id.* at 1435.

1  Rather, Plaintiffs seek enforcement of an entirely separate, but contradictory, oral agreement
2  regarding the monthly rental amount.
3        The cases cited by Plaintiffs do not abrogate the well-established parol evidence rule as
4  Plaintiffs seek to do here. The case law merely recognizes that an integration clause will not bar
5  a claim for fraud where a party is induced to enter a written agreement through fraudulent
6  promises that are supplemental to, and not inconsistent with, the integrated agreement. *See Ron*
7  *Greenspan Volkswagen, Inc. v. Ford Motor Land Develop. Corp.*, 32 Cal.App.4th 985 (1995);
8  *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 419 (1989) ("the
9  fraud exception is not applicable where 'promissory fraud' is alleged, unless the false promise is
10  *independent of or consistent with* the written instrument"). This exception "does not apply
11  where, as here, parol evidence is offered to show a fraudulent promise directly at variance with
12  the terms of the written agreement." *Continental Airlines, Inc.*, 216 Cal.App.3d at 419. Here,
13  the 2001, 2004 and 2007 Franchise Agreements all included explicit rent provisions, and none
14  obligates ConocoPhillips to maintain or make available to Plaintiffs any rent waiver program.
15  Any such agreement would thus contradict, not supplement, the franchise agreement.

16        **c.    The 2007 Agreement is unambiguous.**

17        Plaintiffs also argue that parol evidence is admissible to resolve ambiguities in written
18  contracts. (Docket No. 10 at 13:26-14:7.) Once again, Plaintiffs seek to rely on an unpleaded
19  and inapplicable legal theory. Plaintiffs do not allege, and there is no reasonable basis on which
20  to argue, that the Franchise Agreements were ambiguous. Rather, Plaintiffs seek to contradict
21  those integrated contracts with an alleged but inconsistent oral promise. As shown, parol
22  evidence is inadmissible for such a purpose.

23        **d.    Parol evidence is not admissible "to show a consistent
24                 collateral agreement."**

25        Plaintiffs next argue that extrinsic evidence is admissible to show an agreement collateral
26  to, but consistent with, the 2007 Franchise Agreement. (Docket No. 10 at 14:16-17:13.) In
27  support of the argument, Plaintiffs cite *Hayter Trucking, Inc. v. Shell Western E & P, Inc.*, 18
28  Cal.App.4th 1 (1993). In *Hayter*, the contract at issue included a termination provision, but did

not specify whether termination was permitted as of right or only for good cause. *Id.* at 8. The Court found that Plaintiff was entitled to introduce evidence of custom or usage in the trade, as such was necessary to interpret contractual language susceptible of multiple meanings. *Id.* at 15-21.

Plaintiffs' reliance on *Hayter* is misplaced.[4] There, the Court specifically recognized that parol evidence is inadmissible to *contradict* an integrated written agreement:

> Put another way, if a writing is deemed integrated, extrinsic evidence is admissible only if it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. (*Banco Do Brasil, S.A. v. Latian, Inc.* (1991) 234 Cal.App.3d 973, 1001 . . . . Thus, parol evidence may be admitted to explain the meaning of a writing when the meaning urged is one to which the written contract term is reasonably susceptible or when the contract is ambiguous. Parol evidence cannot be admitted to show intention independent of an unambiguous written instrument. (*Sunniland Fruit, Inc. v. Verni* (1991) 233 Cal.App.3d 892, 898 [284 Cal.Rptr. 824].)

*Id.* at 15. Plaintiffs here do not ask the Court to examine trade usage to construe or explain ambiguous or incomplete contractual terms. Rather, they ask the Court to rewrite the integrated 2007 Franchise Agreement to include an entirely new, and contradictory, rent agreement. Alternatively, Plaintiffs suggest the Court may somehow find that the merger clause was simply inapplicable to the alleged prior rent waiver agreement. No authority supports such an argument.

### 2. Parol evidence is not admissible to correct a "mistake" or "omission" or to "reform" the 2007 Franchise Agreement.

Plaintiffs argue that "[i]f the parties make a mistake or omit something from a contract, the courts will accept parol evidence to resolve the issue," citing *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 525 (2002). Plaintiffs' reliance on *Hess* demonstrates the desperation of their position. In *Hess*, the Plaintiff was injured when the truck in which he was a passenger was struck by a car, causing the truck to overturn. *Id.* at 520-21. Plaintiffs subsequently settled with the driver of the car and the driver's insurer. *Id.* at 521. As part of the settlement, Hess executed

---
[4] Plaintiffs also incorrectly invoke California Code of Civil Procedure § 1856(b) Section 1856(b) provides that the terms of a written agreement "may be explained or supplemented by evidence of consistent additional terms *unless the writing is intended also as a complete and exclusive statement of the terms of the agreement*" (emphasis added).

a boilerplate release, which released the driver, the insurer "all other persons, firms, corporations, associations or partnerships." *Id.*

Hess thereafter sued the manufacturer of the truck (Ford) on product liability theories. *Id.* Ford, a non-party to the release, sought to enforce the release as a bar to Plaintiff's claims. *Id.* However, the parties to the release all testified that they did not intend to release Ford, or any other third party. *Id.* at 522, 529. Rather, the settling parties all knew that Hess intended to sue, and not to release, Ford, but had "mistakenly used a boilerplate form with overly broad language to memorialize their agreement." *Id.* at 529. Accordingly, the Court found a *mutual* mistake, and reformed the release to conform to the parties' *mutually* intended meaning. *Id.* at 527.

Here, Plaintiffs have not alleged, and could not in good faith allege, that the parties both intended to include a rent reduction or waiver in the 2007 Franchise Agreement. That contract included specific monthly rent provisions, and confirmed that it represented the parties' entire agreement with respect to the Station and its rental. Moreover, Plaintiffs' opposition fails even to explain any mistake parol evidence would be admissible to correct. Plaintiffs apparently ask the Court to read into the 2007 Franchise Agreement a limitless obligation of ConocoPhillips to reimburse Plaintiffs for any expenses they might unilaterally choose to incur. No legal basis exists for such a request.

Plaintiffs' argument that the 2007 Franchise Agreement (and the merger clause included therein) was the product of duress is likewise unavailing. First, the theory is not alleged in the Complaint, which pleads no facts to support the theory. In any event, Plaintiffs were at all times free to attempt to negotiate the rent waiver as part of the renewal of their franchise. If they truly believed that ConocoPhillips was attempting to force them to accept a new franchise on materially different terms, they could have refused to sign the 2007 Agreement and asserted a claim for improper nonrenewal under the PMPA.[5] *See Simmons*, 29 F.3d 505, 512. Plaintiffs

---

[5] Plaintiffs argue that this was no option at all, because it would have resulted in the loss of their franchise, but that ignores the fact that the PMPA would, under appropriate circumstances, permit injunctive relief to forestall such termination pending litigation on the merits.

took neither action, but instead freely chose to renew the franchise agreement -- without a rent deduction.

Similarly, Plaintiffs' unconscionability argument -- also raised for the first time in opposition -- is also without basis. To find that an integrated commercial agreement is unconscionable unless it explicitly recites and repudiates all prior merged agreements, is again to render meaningless the entire concept of an integration. Plaintiffs were sophisticated operators of multiple service stations, and plead no facts to establish that their assent to the 2007 Agreement (or its predecessor agreements) was improperly obtained. Thus, no authority permits the Court to retroactively rewrite the parties' agreement to add covenants not bargained for, and never even reduced to definite agreement.

### 3. The statute of frauds bars Plaintiffs' allegations of oral contract.

ConocoPhillips' motion clearly demonstrated that: 1) the rent waiver agreement Plaintiffs allege is subject to the statute of frauds; and 2) the documents referenced in the Complaint are insufficient to evidence the agreement Plaintiffs allege. (Docket No. 8-2 at 9:17-12:7.) In opposition, Plaintiffs attempt to refashion their defective express contract claim into one for promissory estoppel. (Docket No. 10 at 18:25-19:11.) It is axiomatic, however, that Plaintiffs could not have reasonably relied on alleged oral promises at variance with the existing franchise agreement, and which were thereafter not included in subsequent renewal agreements, when each agreement permitted only written modifications.[6] Thus, the statute of frauds remains applicable and, for the reasons set forth in ConocoPhillips' motion, precludes Plaintiffs allegations of oral contract.

Plaintiffs argue, alternatively, that the statute of frauds is inapplicable to contracts "to pay for improvements made on land." (Docket No. 10 at 18:23-24.) But the Complaint here alleges no such contract. Plaintiffs do not contend that they agreed to sell, or ConocoPhillips agreed to purchase, improvements. Their claim is that ConocoPhillips agreed to provide rent rebates over a period of many years.

---

[6] Of course, even were promissory estoppel available to avoid the statute of frauds, and it is not, Plaintiffs would remain precluded by the parol evidence rule.

Finally, Plaintiffs' fall-back position is that the various documents referenced in, but not attached to, the Complaint collectively evidence the oral contract on which they seek to recover. (Docket No. 10 at 19:19-26.) Plaintiffs do not, and could not, allege that any of these documents includes a specific promise by ConocoPhillips to reimburse any particular amount. They instead argue that because some of these documents address some of the issues that might be found in such a contract, the Court may ignore the fact that none of these documents actually includes the promise that forms the basis of Plaintiffs' claim. The law permits no such result, and indeed Plaintiffs once again are unable to cite any authority that would allow the Court to find a promise where none exists.

### C. Counts Two And Three Fail To State Claims For Fraud.

#### 1. The parol evidence rule bars Plaintiffs' fraud claims.

Plaintiffs' fraud claims are based on the same alleged promises as their contract claim. Thus, as shown in ConocoPhillips' motion, the parol evidence rule bars Plaintiffs' tort claims as well. *See, e.g., Mat-Van, Inc. v. Sheldon Gould & Co. Auctions, LLC*, 2008 WL 346421, *3 (S.D. Cal. February 6, 2008). Plaintiffs' opposition makes no argument in response, and thus concedes the point. For this reason alone, Counts 2 and 3 fail as a matter of law and must be dismissed.

#### 2. Plaintiffs fail to allege the essential elements of fraud.

##### a. Plaintiffs allege no actionable misrepresentation.

As shown in ConocoPhillips' motion, the Complaint failed to plead specific facts to show an actionable misrepresentation by ConocoPhillips. The Complaint does not allege the dates or times of the alleged misrepresentations or the names and authority of the alleged speaker(s). Moreover, Plaintiffs did not even allege any specific promise by ConocoPhillips to reimburse any specific amount, but instead that ConocoPhillips gave a vague and undefined assurance of reimbursement.

Confronted with this reality, Plaintiffs attempt to refashion their claim, arguing that it is based not on alleged misrepresentations by ConocoPhillips but instead on a concealment theory. The Complaint, however, is replete with references to ConocoPhillips' alleged

1  "misrepresentations." (Docket No. 1 at ¶¶ 27-35.) The second and third counts are titled as
2  claims for "Intentional Misrepresentation" and "Negligent Misrepresentation." (*Id.* at 8:21,
3  9:23.) The gravamen of Plaintiff's Complaint, including their fraud claims, is that
4  ConocoPhillips failed to honor alleged affirmative promises to reduce Plaintiffs' rent. Plaintiffs'
5  newly-minted attempt to recast their claims as based on alleged nondisclosure of material facts is
6  pure back-filling.
7  Moreover, the argument is entirely circular. Plaintiffs' theory of concealment is that
8  ConocoPhillips promised rent reductions, but thereafter refused to honor its promise. (Docket
9  No. 10 at 21:14-16.) In short, Plaintiffs' claim is that ConocoPhillips concealed the fact that its
10 previous representations were no longer operative. By this logic, *any* claim for
11 misrepresentation becomes one for concealment, thereby disregarding the pleading requirements
12 of Rule 9. Such is not the law, and of course Plaintiffs cite no authority to support such a view.
13 Moreover, although Plaintiffs now argue that they became aware of the alleged
14 concealment on June 14, 2006 (Docket No. 10 at 21:4-7), the Complaint contends that
15 ConocoPhillips' alleged promises continued into 2007 (Docket No. 1 at 6:9 ("[b]etween 2003
16 and 2007"), 7:3-4 ("the conduct of CONOCO and PLAINTIFFS from 2003 to 2007")) -- *after*
17 Plaintiffs now claim they became aware of the alleged concealment. If plaintiffs were aware of
18 the alleged concealment in June of 2006, it is difficult to understand how the concealment
19 continued into 2007. Such allegations fall of their own weight, and Plaintiffs cannot allege any
20 actionable misrepresentation.

21            **b.**    **Plaintiffs fail to allege knowledge of falsity.**

22 Plaintiffs' fraud claims are a textbook, but impermissible, attempt to twist unenforceable
23 contract allegations into a claim of "fraud by hindsight." *See Glen Holly Entertainment, Inc. v.*
24 *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999). Plaintiffs allege no specific facts
25 showing that ConocoPhillips' alleged promise to provide undefined and unlimited rent rebates
26 were false at the time they were made. In their opposition, Plaintiffs point to the allegation in
27 paragraph 11 of the Complaint that a ConocoPhillips representative advised Plaintiffs *in 2006*
28 that the reimbursement program was no longer operative. (Docket No. 10 at 22:1-3.) Neither

this allegation, nor Plaintiffs' other conclusory assertions, are sufficient to establish falsity of the statements when they were allegedly made (three and four years earlier), much less the requisite scienter. *See* 5 Witkin, *Summary of Cal. Law* (10th ed. 2005) Torts, § 800, p. 1157. For this independent reason, counts two and three fail as a matter of law and must be dismissed.

### c. Plaintiffs fail to allege justifiable reliance.

As shown in the Motion, a party cannot justifiably rely on oral representations contradicted by an integrated written agreement. (Docket No. 8-2 at 15:12-16 citing *Hackethal v. National Casualty Co.*, 189 Cal.App.3d 1102 (1987).) Plaintiffs argue, incorrectly, that *Hackethal* is "unavailing" because it involved a fraud claim based on pre-contract oral representations contradicted by provisions included in a subsequent written agreement. In reality, *Hackethal* involves facts not dissimilar to those of the case at bar.

In *Hackethal*, Plaintiff alleged he relied on an insurance agent's oral statements regarding the scope of coverage provided by the policy at issue. *Id.* at 1106-7. However, the policy itself did not provide coverage for the loss allegedly addressed in the oral representations. *Id.* at 1110. Plaintiff thereafter renewed the policy, and after that sought coverage not provided by the policy itself. The Court held that reliance on such statements was unjustifiable because: 1) the agent had not addressed the specific loss at issue; and 2) Hackethal thereafter renewed the policy, without any written provision addressing the subject loss. *Id.* at 1111.

Here, Plaintiffs make no allegation that ConocoPhillips specifically represented that it would reimburse any particular amount. Such alleged promises were never included in a written modification, as required by the then-extant 2001 Franchise Agreement. Thereafter, Plaintiffs executed two renewal agreements (the 2004 and 2007 Agreements). All of these agreements were fully integrated, with detailed and specific rent provisions which included no provision for rent waivers, and permitted modification only in a signed writing. Thus, just as in *Hackethal*, Plaintiffs' attempt to rely on contradictory oral representations made years earlier is unjustifiable as a matter of law.[7]

---

[7] Plaintiffs argue that Judge Walker held in *Olsen v. Provident Life & Acc. Ins. Co.*, 1998 WL 410888 (N.D. Cal. 1998) that *Hackethal* would not preclude a fraud claim where based on

1  *Hackethal* is hardly novel. Numerous authorities hold that a party is charged with
2  knowledge of its contractual agreements, and cannot justifiably rely on contradictory oral
3  representations. *See, e.g.,* 5 Witkin, *Summary of Cal. Law* (10th ed. 2005) Torts, § 812, p. 1173
4  citing *Hadland v. NN Investors Life Ins. Co.*, 24 Cal.App.4th 1578, 1586-87 (1994) (other
5  citations omitted); *see also, Slivinsky v. Waktins-Johnson Co.*, 221 Cal.App.3d 799, 807 (1990)
6  (reliance on oral promise of continuing employment not justifiable where parties' written
7  employment agreement provided that employment was at will). For this further reason,
8  Plaintiffs' fraud allegations fail as a matter of law and must be dismissed.

          **d.**       **Plaintiffs fail to allege a benefit to ConocoPhillips.**

10  Plaintiffs argue that a benefit to the defendant is not an element of the prima facie claim
11  for fraud, but controlling authorities clearly require Plaintiffs to allege such facts. *See, e.g., Glen*
12  *Holly*, 100 F. Supp. 2d at 1095. Plaintiffs argue that through their efforts and expenditures,
13  ConocoPhillips acquired "a fully functioning car wash." (Docket No. 10 at 24:9-10.) But
14  Plaintiffs made no such allegation in the Complaint and could not do so in an amended pleading,
15  as they have voluntarily transferred their car wash equipment to a third party. Although the
16  structure in which such equipment had been installed remains at the property, that structure (the
17  former service bay garage) is and always has been ConocoPhillips' property, and Plaintiffs do
18  not allege otherwise. Thus, Plaintiffs have not alleged, and could not legitimately allege, that the
19  car wash and associated expenditures have somehow conferred an existing benefit on
20  ConocoPhillips. The fraud claims thus fail on this independent ground.

          **D.**       **Count Four Fails To State A Claim For Unfair Business Practices Under California Business And Professions Code § 17200.**

23  ConocoPhillips' motion demonstrated that Plaintiffs failed to meet their threshold pleading
24  burden of: 1) identifying the specific statutory provision ConocoPhillips allegedly violated; and 2)

---

specific (oral) misrepresentations made in response to particular questions about an insurance policy. (Docket No. 10 at 23:17-23.) In *Olsen*, however, the Court was considering only a motion to remand a removed action to state court (on fraudulent joinder grounds). 1998 WL 410888. It did not find that the claim was actionable as a matter of law, only that "the court cannot rule at this stage of the litigation that Olsen's claim is spurious." *Id.* at *4. More to the point, the Court did not examine, or even identify, an integration clause in the subject agreement.

CONOCOPHILLIPS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1  alleging reasonably particularized facts to establish unlawful or unfair conduct. (Docket No. 8-2 at
2  16:9-15 citing *Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993) and *South Bay*
3  *Chevrolet v. GMAC*, 72 Cal.App.4th 861, 877-878 (1999) (other citations omitted).) In opposition,
4  Plaintiffs fail to specifically identify the required allegations in their pleading, or even any
5  legitimate basis for such allegations.[8] They simply assert that ConocoPhillips' breach of alleged
6  failure to make rent reductions somehow suffices to state such a claim. It does not. *See Searle v.*
7  *Wyndham International, Inc.*, 102 Cal.App.4th 1327, 1334 (2002) ("the 'unfairness' prong of
8  section 17200 'does not give the courts a general license to review the fairness of contracts'").
9  Further, the Complaint fails to set forth a specific public policy or statutory provision which
10 ConocoPhillips' conduct allegedly violated. Count four thus fails as a matter of law and must be
11 dismissed.

## III.  CONCLUSION

For all the foregoing reasons, ConocoPhillips respectfully submits the Court should grant the motion and dismiss the Complaint, with prejudice.

Dated: June 18, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By_____
Attorneys for Defendant
ConocoPhillips Company

---

[8] Plaintiffs claim that paragraphs 36, 39 and 40 of the Complaint allege "myriad unfair and unlawful acts by Defendant, both against Plaintiff and against other similarly situated dealers." (Docket No. 10 at 25:10-12.) But the Complaint includes no allegation of acts by ConocoPhillips directed toward or affecting anyone other than Plaintiffs. In any event, this is not a class action and Plaintiff lacks standing to assert alleged claims on behalf of non-parties.

- 13 -
CONOCOPHILLIPS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS