UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> CONOCOPHILLIPS CO. AND DOES 1-100, <br><br> Defendant(s). | No. C08-1756 BZ <br><br> **CLERK'S NOTICE REGARDING TENTATIVE RULING ON DEFENDANT'S MOTION TO DISMISS** |

Attached to this Clerk's Notice is a Draft Order representing a tentative ruling on defendant's motion to dismiss. The **July 2, 2008** hearing remains on calendar.

Dated: June 30, 2008

_Rose Maher_
Rose Maher - Deputy Clerk to
Magistrate Judge Bernard Zimmerman

G:\BZALL\-BZCASES\DAVIDSON V. CONOCOPHILLIPS\CLERKSTENTATIVERULING.NOT.wpd

1

# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> CONOCOPHILLIPS CO. AND DOES 1-100, <br><br> Defendant(s). | No. C08-1756 BZ <br><br> **ORDER DENYING MOTION TO DISMISS** |

Plaintiffs operated a Union 76 station in San Ramon, California as a franchisee of defendant. Their complaint alleges that defendant breached a contract (separate from the franchise agreement) to waive or reduce their rent in exchange for plaintiffs constructing a car wash; that defendant negligently and intentionally misrepresented the availability of the rental reimbursement program; and that defendant engaged in unfair business practices in violation of California Business and Professions Code section 17200.
///

# TENTATIVE RULING

Defendant moves to dismiss.[1]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A motion to dismiss should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  Aquino v. Capital One Fin. Corp., No. 08-0479 SC, 2008 WL 1734752, at *1(N.D. Cal. 2008); See Mitan v. Feeney, 2007 WL 2068106, at *9 (C.D. Cal.) (Discussing the post-Twombly standard)

Plaintiffs allege they participated in a rent reimbursement program when they remodeled the station's snack shop in 2002.  In 2003, plaintiffs allege that they received a letter from defendant setting forth a rent reimbursement program for improving the service bays.  Plaintiffs wrote defendant that they would like to convert a service bay into a car wash and requested rent reimbursement for the cost of the improvement.  Defendant responded with a letter titled "Initial Review and Approval" which agreed to the car wash but was silent with regards to rent reimbursement.  Over the

---

[1] All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

2

1            **TENTATIVE RULING**
2    next several years, plaintiffs received permits and obtained
3    a loan to finance the installation of the car wash, keeping
4    defendants apprised of the costly process.  In March of 2006,
5    plaintiffs requested defendant to confirm the rent reduction
6    as consideration for the capital improvement of the car wash.
7    Defendant informed plaintiffs that it did not currently have
8    a program to assist franchisees who made improvements to
9    their stations.  Because the equipment had already been paid
10   for, plaintiffs installed the car wash, at a total cost of
11   $455,000.  Plaintiffs claim that the financial burden of the
12   loan repayment without a rent reduction resulted in their
13   "total financial collapse," including losing their home and
14   other property, their car, and both of their gas stations.
15   They also allege other damages, such as an adverse impact on
16   their credit rating.
17         Defendant tells a quite different story.  Attached to its
18   motions are a copy of the various franchise agreements and
19   other documents; defendant claims that the reimbursement
20   program for the 2002 snack shop remodel never provided for
21   rent reductions; it simply waived future rent increases the
22   improvements might have triggered.  Defendant denies there
23   was ever any agreement, verbal or writing, with respect to
24   the car wash, and that the 2007 franchise agreement that
25   plaintiff signed after the parties failed to agree on a rent
26   waiver for the car wash contained an integration clause that
27   supersedes any inconsistent oral agreement.  However, for
28   purposes of this motion to dismiss, I must accept the

# **TENTATIVE RULING**

complaint's factual allegations as true.

<u>Petroleum Marketing Practices Act Preemption</u>

Defendant first contends that plaintiffs' claims are preempted by the Petroleum Marketing Practices Act, 15 U.S.C § 2801, *et seq.* ("PMPA"). The preemption clause of the PMPA provides:

> To the extent that any provision of this subchapter applies to the termination (or the furnishing of notification with respect thereto) of any franchise, or to the nonrenewal (or the furnishing of notification with respect thereto) of any franchise relationship, no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation (including any remedy or penalty applicable to any violation thereof) with respect to termination (or the furnishing of notification with respect thereto) of any such franchise or to the nonrenewal (or the furnishing of notification with respect thereto) of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter.

15 U.S.C.A. § 2806(a)(1). The Ninth Circuit has held that "'the PMPA was intended to preempt all state law with respect to termination of a petroleum franchise.'" <u>Simmons v. Mobil Oil Corp.</u>, 29 F.3d 505, 511 (9th Cir. 1994) *quoting* <u>In re Herbert</u>, 806 F.2d 889, 892 (9th Cir. 1986).

Plaintiffs' complaint does not seek relief for the termination of the franchise agreement, but for breach of an agreement separate from the franchise agreement which allegedly required defendant to reimburse rent in consideration for improvements plaintiffs made to the

4

# TENTATIVE RULING

station. Some of the damages plaintiffs seek are based on the loss of their gas stations.  They allege these damages were caused by defendant's breach of the rental reimbursement agreement; not defendant's wrongful termination of the franchise agreement.  See Simmons, 29 F.3d at 512 (" The fact that [the plaintiff] himself eventually terminated the franchise does not preclude him from bringing a claim based on [the defendant's] alleged breach of the covenant of good faith.")  Defendant's reliance on the holding in Simmons affirming a summary judgment that the plaintiff's claims "based on Mobil's rent structure [were] clearly preempted" is misplaced.  Id.  There, the plaintiff claimed that he lost his franchise because Mobil "imposed onerous rent" in the franchise agreement.  Id. at 507.  Here, plaintiffs claim damages for breach of an alleged contract to reimburse them for installing the car wash.

<u>2007 Franchise Agreement</u>

Defendant next contends that the 2007 Franchise Agreement contains an integration clause which precludes plaintiffs from trying to enforce an earlier oral contract.  In support of its motion, defendant attached the 2001, 2004, 2007 Franchise Agreements, the 2002 Modification Agreement, the letter from defendant titled "initial review and approval" and other documents as exhibits to its moving papers.  When ruling on a motion to dismiss, if the court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment,

5

# TENTATIVE RULING

and it must give the nonmoving party an opportunity to respond." U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P. 12(b).  However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)(*overruled on other grounds*)(*overruled on other grounds* in Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)).  Here, since plaintiffs do not allege the contents of the 2007 Franchise Agreement in their complaint, I did not consider the Agreement when ruling on the instant motion.[2]

Parol Evidence

Defendant next argues that plaintiffs claims for breach of contract and misrepresentation are barred by the parol evidence rule.  The rule is "based on the principle that when the parties to an agreement incorporate the complete and final terms of the agreement in a writing, such an 'integration' in fact becomes the complete and final contract between the parties, which may not be contradicted by

---

[2] In the complaint, plaintiffs state that they were alleged to have violated their lease agreement sometime around the summer of 2007 for failing to continuously sell gasoline on the premises.  (Pl.'s Compl. ¶ 15.)  It is immaterial that the alleged violation of the lease would have been governed by the 2007 Franchise Agreement.  (Ex. C to Def.'s Mot. to Dismiss.) In the complaint, plaintiffs plead that they violated the "LEASE AGREEMENT," which is previously defined as the agreement entered into on or about October 2, 2003.  (Pl.'s Compl. ¶ 15.)

# **TENTATIVE RULING**

evidence of purportedly collateral agreements." <u>Alling v. Universal Mfg. Corp.</u>, 5 Cal. App. 4th 1412, 1434 (1992). However, the defendant's arguments rely on an integration cause claimed to be in the 2007 Franchise Agreement which is not properly before me on the motion to dismiss. Thus, the parol evidence rule does not support dismissal of plaintiffs' claims for breach of contract and misrepresentation.

<u>Statute of Frauds</u>

Defendant also contends that the statute of frauds bars plaintiffs' claim for breach of contract. The statute of frauds precludes the enforcement of a contract that "by its terms is not to be performed within a year from the making thereof" unless it is in writing, and is signed by the party against whom the contract is being enforced. Cal. Civ. Code § 1624(a). In their complaint, plaintiffs' aver the rent reimbursement was to occur over a period of years; one of the triggers of §1624(a)(1) the statute of frauds.

First, the statute of frauds is satisfied if the contract is evidenced by "some note or memorandum....subscribed by the party to be charged." Cal. Civ. Code § 1624(a). Plaintiffs allegations that the genesis of their agreement with defendant was a series of letters exchanged in 2003 are sufficient to withstand a motion to dismiss.

Plaintiffs also argue that defendant is estopped from asserting the statute of frauds. "The doctrine of estoppel to plead the statute of frauds may be applied where necessary to prevent either unconscionable injury or unjust

7

1 **TENTATIVE RULING**

2 enrichment." <u>Tenzer v. Superscope, Inc.</u>, 39 Cal.3d 18, 27
3 (1985) *citing* <u>Monarco v. Lo Greco</u>, 35 Cal.2d 621, 623-624
4 (1950).  In California, the required elements of estoppel
5 are: "1) a promise clear and unambiguous in its terms; (2)
6 reliance by the party to whom the promise is made; (3) his
7 reliance must be both reasonable and foreseeable; and (4) the
8 party asserting the estoppel must be injured by his
9 reliance." <u>Laks v. Coast Fed. Sav. & Loan Assn.</u>, 60 Cal.
10 App. 3d 885, 890 (1976); <u>US Ecology, Inc. v. State</u>, 129 Cal.
11 App. 4th 887, 901, (2005).  Plaintiffs have sufficiently pled
12 these elements to withstand a motion to dismiss.
13   Because the complaint pleads sufficient facts to satisfy
14 the parol evidence rule and the statute of frauds, the motion
15 to dismiss is **DENIED** as to plaintiffs' breach of contract
16 claim.

17 <u>Misrepresentation</u>
18   Defendant avers that plaintiffs' claims for intentional
19 and negligent misrepresentation must be dismissed because
20 they do not comport with the heightened pleading requirements
21 of Federal Rule of Civil Procedure 9(b).  Claims for "fraud
22 must satisfy a heightened pleading standard that requires
23 circumstances constituting fraud be pled with particularity."
24 <u>Oestreicher v. Alienware Corp.</u>, 544 F.Supp.2d 964, 968 (N.D.
25 Cal. 2008) *citing* Fed. R. Civ. P. 9(b); <u>see</u> <u>also</u> <u>Neilson v.</u>
26 <u>Union Bank of Cal., N.A.</u>, 290 F.Supp.2d 1101, 1141 (C.D. Cal.
27 2003)("It is well-established in the Ninth Circuit that both
28 claims for fraud and negligent misrepresentation must meet

8

# TENTATIVE RULING

Rule 9(b)'s particularity requirements.") *citing* <u>Glen Holly Entm't, Inc. v. Tektronix, Inc.</u>, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999).

A complaint for misrepresentation "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1548, fn. 7 (9th Cir. 1994) (en banc); *quoting* J.W. Moore et al., <u>Moore's Federal Practice</u> § 9.03, at 9-19-21 (2d. ed. 1994). "For example, allegations such as '[d]uring the course of discussions in 1986 and 1987,' and 'in or about May through December 1987' do not make the grade under Rule 9(b)." <u>Glen Holly Entm't, Inc.</u>, 100 F.Supp.2d at 1094 *quoting* <u>U.S. Concord, Inc. v. Harris Graphics Corp.</u>, 757 F.Supp. 1053, 1057 (N.D. Cal. 1991).

The complaint alleges that "in January 2003, PLAINTIFFS received another letter from [defendant], discussing a new rental reimbursement program regarding the improvement of the service bays. This letter proposed rental rebate terms that mirrored the previous convenience-store reimbursement program." (Pl.'s Compl. At ¶ 7.) Plaintiffs then allege that they applied to install a car wash under the reimbursement program and received written approval. Finally plaintiffs allege that defendants encouraged and assisted in their costly efforts to install the car wash, without telling

9

# TENTATIVE RULING

them that the reimbursement program was "not available at this time."

For the purpose of this motion, plaintiffs adequately set forth the terms of the previous snack shop reimbursement program in the preceding paragraph of their complaint.[3] Plaintiffs likewise adequately plead defendant's knowledge that it was not going to reimburse them while allowing and encouraging them to install the car wash, their reliance on defendant's misrepresentations and their resulting damages.

"The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, with the exception that the defendant need not actually know the representation is false. Having satisfied the pleading requirements for a fraud claim, plaintiffs have adequately pled a negligent misrepresentation claim.

California Business and Professions Code section 17200

Finally, defendants contend that plaintiffs fail to state a claim for relief under California's Business and Professions Code section 17200, *et. seq.* ("section 17200") because they fail to identify a statutory provision defendant violated or allege particularized facts to establish unlawful

---

[3] Describing that defendant's letter was sent in January 2003, as opposed to sometime in 2003, coupled with plaintiffs' description of the contents of letter is sufficient to put defendants on notice of their specific allegations of misrepresentation. Oestreicher, 544 F.Supp.2d at 968 ("The pleading must be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. *quoting* Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).)

# TENTATIVE RULING

or unfair conduct.  Under section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.' " <u>Lippitt v. Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1043 (9th Cir. 2004) *quoting* Cal. Bus. & Prof.Code § 17200.  "To state a claim under section 17200, a plaintiff need not plead and prove the elements of a tort. Instead, one need only show that members of the public are likely to be deceived."  <u>Searle v. Wyndham Internat., Inc.</u>, 102 Cal.App.4th 1327, 1333 (2002).  Plaintiffs sufficiently plead that they were deceived by defendant's practices regarding the rent reimbursement program and other station owners were likely deceived.

To state a claim under the statute, a "plaintiff must establish that the practice is either unlawful (i.e ., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)."  <u>Albillo v. Intermodal Container Services, Inc.</u>, 114 Cal.App.4th 190, 206 (2003).  Unlawful practices "are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory or court-made."  <u>Saunders v. Sup. Crt.</u>, 27 Cal.App.4th 832, 838-39 (1994).  Here, plaintiffs do not allege that defendant violated any state or federal statutes.

> The test as to whether a business practice is "unfair": involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the

11

# TENTATIVE RULING

> utility of the defendant's conduct against the gravity of the harm to the alleged victim . . . [A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . . In general the 'unfairness' prong has been used to enjoin deceptive or sharp practices.

Searle, 102 Cal.App.4th at 1334, *internal quotations and citations omitted*. For the purposes of reviewing plaintiffs' claim under Rule 12(b)(6), plaintiffs' allegations that defendant had an unethical practice of enticing station owners to improve their stations by deceiving them into believing they would receive rent reductions is sufficient to state a claim under section 17200. Accordingly, the motion to dismiss is **DENIED** as to plaintiffs' section 17200 claim.

For the reasons set forth above, defendant's motion to dismiss is **DENIED**.

Dated: June 30, 2008

                                   _____
                                         Bernard Zimmerman
                                   United States Magistrate Judge

G:\BZALL\-BZCASES\DAVIDSON V. CONOCOPHILLIPS\ORDER RE MOTION TO DISMISS.BZVERSION.TENTATIVE RULING.wpd

12