UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC.,

    Plaintiff(s),

    v.

CONOCOPHILLIPS CO. AND DOES 1-100,

    Defendant(s).

No. C08-1756 BZ

**ORDER DENYING MOTION TO DISMISS**

    Plaintiffs operated a Union 76 station in San Ramon, California as a franchisee of defendant. Their complaint alleges that defendant breached a contract (separate from the franchise agreement) to waive or reduce their rent in exchange for plaintiffs constructing a car wash; that defendant negligently and intentionally misrepresented the availability of the rental reimbursement program; and that defendant engaged in unfair business practices in violation of California Business and Professions Code section 17200.

///

///

1

1   Defendant moves to dismiss.[1]

2       A motion to dismiss pursuant to Federal Rule of Civil
3   Procedure 12(b)(6) tests the legal sufficiency of a claim.
4   <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  A motion
5   to dismiss should be granted only if plaintiff's complaint
6   fails to set forth facts sufficient to establish a plausible
7   right of recovery.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct.
8   1955, 1974 (2007). For purposes of such a motion, the
9   complaint is construed in a light most favorable to the
10  plaintiff and all properly pleaded factual allegations are
11  taken as true.  <u>Aquino v. Capital One Fin. Corp.</u>, 2008 WL
12  1734752, at *1 (N.D. Cal.); <u>Mitan v. Feeney</u>, 497 F.Supp. 2d
13  1113, 1124 (C.D. Cal. 2007) (discussing the post-Twombly
14  standard).

15      Plaintiffs allege they participated in a rent
16  reimbursement program when they remodeled the station's snack
17  shop in 2002.  In 2003, plaintiffs allege that they received a
18  letter from defendant setting forth a rent reimbursement
19  program for improving the service bays.  Plaintiffs wrote
20  defendant that they would like to convert a service bay into a
21  car wash and requested rent reimbursement for the cost of the
22  improvement.  Defendant responded with a letter titled
23  "Initial Review and Approval" which agreed to the car wash but
24  was silent with regards to rent reimbursement.  Over the next
25  several years, plaintiffs received permits and obtained a loan

---

27      [1]  All parties have consented to my jurisdiction,
    including entry of final judgment, pursuant to 28 U.S.C.
28  § 636(c) for all proceedings.

2

1  to finance the installation of the car wash, keeping
2  defendants apprised of the costly process.  In March of 2006,
3  plaintiffs requested defendant to confirm the rent reduction
4  as consideration for the capital improvement of the car wash.
5  Defendant informed plaintiffs that it did not currently have a
6  program to assist franchisees who made improvements to their
7  stations.  Because the equipment had already been paid for,
8  plaintiffs installed the car wash, at a total cost of
9  $455,000.  Plaintiffs claim that the financial burden of the
10 loan repayment without a rent reduction resulted in their
11 "total financial collapse," causing them to lose their home
12 and other property, their car, and both of their gas stations.
13 They also allege other damages, such as an adverse impact on
14 their credit rating.
15      Defendant tells a quite different story.  Attached to its
16 motion are a copy of the various franchise agreements and
17 other documents.  Based on these documents, defendant claims
18 that the reimbursement program for the 2002 snack shop remodel
19 never provided for rent reductions; it simply waived future
20 rent increases the improvements might have triggered.
21 Defendant denies there was ever any agreement, verbal or
22 writing, with respect to the car wash, and that the 2007
23 franchise agreement that plaintiff signed after the parties
24 failed to agree on a rent waiver for the car wash contained an
25 integration clause that supersedes any inconsistent oral
26 agreement.  However, for purposes of this motion to dismiss, I
27 must accept the complaint's factual allegations as true.
28 ///

3

1  <u>Petroleum Marketing Practices Act Preemption</u>

2      Defendant first contends that plaintiffs' claims are
3  preempted by the Petroleum Marketing Practices Act, 15 U.S.C §
4  2801, *et seq.* ("PMPA").  The preemption clause of the PMPA
5  provides:

> To the extent that any provision of this
> subchapter applies to the termination (or the
> furnishing of notification with respect
> thereto) of any franchise, or to the
> nonrenewal (or the furnishing of notification
> with respect thereto) of any franchise
> relationship, no State or any political
> subdivision thereof may adopt, enforce, or
> continue in effect any provision of any law or
> regulation (including any remedy or penalty
> applicable to any violation thereof) with
> respect to termination (or the furnishing of
> notification with respect thereto) of any such
> franchise or to the nonrenewal (or the
> furnishing of notification with respect
> thereto) of any such franchise relationship
> unless such provision of such law or
> regulation is the same as the applicable
> provision of this subchapter.

17  15 U.S.C.A. § 2806(a)(1).  The Ninth Circuit has held that
18  "'the PMPA was intended to preempt all state law with respect
19  to termination of a petroleum franchise.'"  <u>Simmons v. Mobil
20  Oil Corp.</u>, 29 F.3d 505, 511 (9th Cir. 1994) *quoting* <u>In re
21  Herbert</u>, 806 F.2d 889, 892 (9th Cir. 1986).
22      Plaintiffs' complaint does not seek relief for the
23  termination of the franchise agreement, but for breach of an
24  agreement separate from the franchise agreement which
25  allegedly required defendant to reimburse rent in
26  consideration for improvements plaintiffs made to the station.
27  <u>Pride v. Exxon Corp.</u>, 911 F.2d 251, 257-8 (9th Cir. 1990).
28  Some of the damages plaintiffs seek are based on the loss of

4

1  their gas stations.  They allege these damages were caused by
2  defendant's breach of the rental reimbursement agreement; not
3  defendant's wrongful termination of the franchise agreement.
4  See Simmons, 29 F.3d at 512 (" The fact that [the plaintiff]
5  himself eventually terminated the franchise does not preclude
6  him from bringing a claim based on [the defendant's] alleged
7  breach of the covenant of good faith.")  Defendant's reliance
8  on the holding in Simmons affirming a summary judgment that
9  the plaintiff's claims "based on Mobil's rent structure [were]
10 clearly preempted" is misplaced.  Id.   There, the plaintiff
11 claimed that he lost his franchise because Mobil "imposed
12 onerous rent" in the franchise agreement.  Id. at 507.  Here,
13 plaintiffs claim damages for breach of an alleged contract to
14 reimburse them for installing the car wash.

15 <u>2007 Franchise Agreement</u>

16      Defendant next contends that the 2007 Franchise Agreement
17 contains an integration clause which precludes plaintiffs from
18 trying to enforce an earlier oral contract.  In support of its
19 motion, defendant attached the 2001, 2004, 2007 Franchise
20 Agreements, the 2002 Modification Agreement, the letter from
21 defendant titled "initial review and approval" and other
22 documents as exhibits to its moving papers.  When ruling on a
23 motion to dismiss, if the court "considers evidence outside
24 the pleadings, it must normally convert the 12(b)(6) motion
25 into a Rule 56 motion for summary judgment, and it must give
26 the nonmoving party an opportunity to respond."  U.S. v.
27 Ritchie, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P.
28 12(b).  However, "documents whose contents are alleged in a

1 complaint and whose authenticity no party questions, but which
2 are not physically attached to the pleading, may be considered
3 in ruling on a Rule 12(b)(6) motion to dismiss." Branch v.
4 Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)(*overruled on other*
5 *grounds*)(*overruled on other grounds* in Galbraith v. County of
6 Santa Clara, 307 F.3d 1119 (9th Cir. 2002)).  Here, since
7 plaintiffs do not allege the contents of the 2007 Franchise
8 Agreement in their complaint, I did not consider the Franchise
9 Agreement when ruling on the instant motion.[2]  Nor do
10 plaintiffs rely on the Franchise Agreement as an integral part
11 of their complaint, as plaintiffs did in Cortec Industries,
12 Inc. V. Sum Holding, LP, 949 F.2d 42, 47 (2nd Cir. 1991).
13 Rather it is defendant who relies on the Agreement for various
14 of its defenses.

15 Parol Evidence

16      Defendant next argues that plaintiffs claims for breach
17 of contract and misrepresentation are barred by the parol
18 evidence rule.  The rule is "based on the principle that when
19 the parties to an agreement incorporate the complete and final
20 terms of the agreement in a writing, such an 'integration' in
21 fact becomes the complete and final contract between the
22 parties, which may not be contradicted by evidence of

23

---

24      [2]   In the complaint, plaintiffs state that they were alleged to have violated their lease agreement sometime around
25 the summer of 2007 for failing to continuously sell gasoline on the premises.  (Pl.'s Compl. ¶ 15.)  It is immaterial that the
26 alleged violation of the lease would have been governed by the 2007 Franchise Agreement.  (Ex. C to Def.'s Mot. to Dismiss.)
27 In the complaint, plaintiffs plead that they violated the "LEASE AGREEMENT," which is previously defined as the agreement
28 entered into on or about October 2, 2003.  (Pl.'s Compl. ¶ 15.)

6

1  purportedly collateral agreements." Alling v. Universal Mfg.
2  Corp., 5 Cal. App. 4th 1412, 1434 (1992).  However, the
3  defendant's arguments rely on an integration cause claimed to
4  be in the 2007 Franchise Agreement which is not properly
5  before me on the motion to dismiss.  Thus, the parol evidence
6  rule does not support dismissal of plaintiffs' claims for
7  breach of contract and misrepresentation.

Statute of Frauds

9      Defendant also contends that the statute of frauds bars
10 plaintiffs' claim for breach of contract.  The statute of
11 frauds precludes the enforcement of a contract that "by its
12 terms is not to be performed within a year from the making
13 thereof" unless it is in writing, and is signed by the party
14 against whom the contract is being enforced.  Cal. Civ. Code §
15 1624(a).  In their complaint, plaintiffs' aver the rent
16 reimbursement was to occur over a period of years; one of the
17 triggers of §1624(a)(1) the statute of frauds.
18     First, the statute of frauds is satisfied if the contract
19 is evidenced by "some note or memorandum....subscribed by the
20 party to be charged."  Cal. Civ. Code § 1624(a).  Plaintiffs'
21 allegations that the genesis of their agreement with defendant
22 was a series of letters exchanged in 2003 are sufficient to
23 withstand a motion to dismiss.
24     Second, plaintiffs also argue that defendant is estopped
25 from asserting the statute of frauds.  "The doctrine of
26 estoppel to plead the statute of frauds may be applied where
27 necessary to prevent either unconscionable injury or unjust
28 enrichment."  Tenzer v. Superscope, Inc., 39 Cal.3d 18, 27

1  (1985) *citing* Monarco v. Lo Greco, 35 Cal.2d 621, 623-624
2  (1950).  In California, the required elements of estoppel
3  are: "1) a promise clear and unambiguous in its terms; (2)
4  reliance by the party to whom the promise is made; (3) his
5  reliance must be both reasonable and foreseeable; and (4) the
6  party asserting the estoppel must be injured by his reliance."
7  Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal. App. 3d 885, 890
8  (1976); US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901,
9  (2005).  Plaintiffs have sufficiently pled these elements to
10 withstand a motion to dismiss.  Because the complaint pleads
11 sufficient facts to satisfy the parol evidence rule and the
12 statute of frauds, the motion to dismiss is **DENIED** as to
13 plaintiffs' breach of contract claim.

14 Misrepresentation

15      Defendant argues that plaintiffs' claims for intentional
16 and negligent misrepresentation must be dismissed because they
17 do not comport with the heightened pleading requirements of
18 Federal Rule of Civil Procedure 9(b).  Claims for "fraud must
19 satisfy a heightened pleading standard that requires
20 circumstances constituting fraud be pled with particularity."
21 Oestreicher v. Alienware Corp., 544 F.Supp.2d 964, 968 (N.D.
22 Cal. 2008) *citing* Fed. R. Civ. P. 9(b); see also Neilson v.
23 Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D. Cal.
24 2003)("It is well-established in the Ninth Circuit that both
25 claims for fraud and negligent misrepresentation must meet
26 Rule 9(b)'s particularity requirements.") *citing* Glen Holly
27 Entm't, Inc. v. Tektronix, Inc., 100 F.Supp.2d 1086, 1093
28 (C.D. Cal. 1999).

A complaint for misrepresentation "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548, fn. 7 (9th Cir. 1994) (en banc); *quoting* J.W. Moore et al., Moore's Federal Practice § 9.03, at 9-19-21 (2d. ed. 1994).

The complaint alleges that "in January 2003, PLAINTIFFS received another letter from [defendant], discussing a new rental reimbursement program regarding the improvement of the service bays. This letter proposed rental rebate terms that mirrored the previous convenience-store reimbursement program." (Pl.'s Compl. At ¶ 7.) Plaintiffs then allege that they applied to install a car wash under the reimbursement program and received written approval. Finally plaintiffs allege that defendants encouraged and assisted in their costly efforts to install the car wash, without telling them that the reimbursement program was "not available at this time."

For the purpose of this motion, plaintiffs adequately set forth the terms of the previous snack shop reimbursement program in the preceding paragraph of their complaint.[3]

---

[3] Describing that defendant's letter was sent in January 2003, as opposed to sometime in 2003, coupled with plaintiffs' description of the contents of letter is sufficient to put defendants on notice of their specific allegations of misrepresentation. Oestreicher, 544 F.Supp.2d at 968 ("The pleading must be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything

9

1  Plaintiffs likewise adequately plead defendant's knowledge
2  that it was not going to reimburse them while allowing and
3  encouraging them to install the car wash, their reliance on
4  defendant's misrepresentations and their resulting damages.
5      "The elements of a cause of action for negligent
6  misrepresentation are the same as those of a claim for fraud,
7  with the exception that the defendant need not actually know
8  the representation is false.  Having satisfied the pleading
9  requirements for a fraud claim, plaintiffs have adequately
10 pled a negligent misrepresentation claim.

California Business and Professions Code section 17200

12      Finally, defendants contend that plaintiffs fail to state
13 a claim for relief under California's Business and Professions
14 Code section 17200, *et. seq.* ("section 17200") because they
15 fail to identify a statutory provision defendant violated or
16 allege particularized facts to establish unlawful or unfair
17 conduct.  Under section 17200, "a plaintiff must show either
18 an (1) 'unlawful, unfair, or fraudulent business act or
19 practice,' or (2) 'unfair, deceptive, untrue or misleading
20 advertising.' " Lippitt v. Raymond James Fin. Servs., 340 F.3d
21 1033, 1043 (9th Cir. 2004) *quoting* Cal. Bus. & Prof.Code §
22 17200.  "To state a claim under section 17200, a plaintiff
23 need not plead and prove the elements of a tort. Instead, one
24 need only show that members of the public are likely to be
25 deceived." Searle v. Wyndham Internat., Inc., 102 Cal.App.4th
26 1327, 1333 (2002).  Plaintiffs sufficiently plead that they

___

28 wrong.'" Id. *quoting* Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).)

10

1 were deceived by defendant's practices regarding the rent
2 reimbursement program and other station owners were likely
3 deceived.
4 　　　To state a claim under the statute, a "plaintiff must
5 establish that the practice is either unlawful (i.e ., is
6 forbidden by law), unfair (i.e., harm to victim outweighs any
7 benefit) or fraudulent (i.e., is likely to deceive members of
8 the public)."  Albillo v. Intermodal Container Services, Inc.,
9 114 Cal.App.4th 190, 206 (2003).  Unlawful practices "are any
10 practices forbidden by law, be it civil or criminal, federal,
11 state, or municipal, statutory, regulatory or court-made."
12 Saunders v. Sup. Crt., 27 Cal.App.4th 832, 838-39 (1994).
13 Here, plaintiffs do not allege that defendant violated any
14 state or federal statutes.

> The test as to whether a business practice is "unfair":
> involves an examination of [that practice's] impact
> on its alleged victim, balanced against the
> reasons, justifications and motives of the alleged
> wrongdoer. In brief, the court must weigh the
> utility of the defendant's conduct against the
> gravity of the harm to the alleged victim . . .
> [A]n 'unfair' business practice occurs when it
> offends an established public policy or when the
> practice is immoral, unethical, oppressive,
> unscrupulous or substantially injurious to
> consumers. . . . In general the 'unfairness' prong
> has been used to enjoin deceptive or sharp
> practices.

23 Searle, 102 Cal.App.4th at 1334, *internal quotations and*
24 *citations omitted*.  For the purposes of reviewing plaintiffs'
25 claim under Rule 12(b)(6), plaintiffs' allegations that
26 defendant had an unethical practice of enticing station owners
27 to improve their stations by deceiving them into believing
28 they would receive rent reductions is sufficient to state a

claim under section 17200.  Accordingly, the motion to dismiss is **DENIED** as to plaintiffs' section 17200 claim.

For the reasons set forth above, defendant's motion to dismiss is **DENIED**.  Defendant shall answer by **July 25, 2008.**

Dated: July 3, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DAVIDSON V. CONOCOPHILLIPS\ORDER RE MOTION TO DISMISS.BZVERSION.FINAL RULING.wpd