1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  ADAM FRIEDENBERG, Bar No. 205778
   JONATHAN A. ELDREDGE, Bar No. 238559
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975
   cglynn@glynnfinley.com
6  afriedenberg@glynnfinley.com
   jeldredge@glynnfinley.com
7
   Attorneys for Defendant
8  ConocoPhillips Company

9

10 LAW OFFICE OF ANTHONY J. SPERBER
   ANTHONY J. SPERBER, Bar No. 197962
11 1808 Sixth St
   Berkeley, CA 94710-2003
12 Telephone: (510) 845-8844
   Facsimile: (510) 845-1998
13 anthony@sperberlaw.com

14 Attorney for Plaintiffs Charles Davidson and
   CD & PWS Enterprises, Inc.
15

16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19 | **Case No. C 08-01756 BZ** |
| CHARLES DAVIDSON and CD & PWS | |
| 20 ENTERPRISES, INC., | **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT OF PLAINTIFFS CHARLES DAVIDSON AND CD & PWS ENTERPRISES, INC., AND DEFENDANT CONOCOPHILLIPS COMPANY** |
| 21      Plaintiffs, | |
| 22   vs. | |
| 23 CONOCOPHILLIPS COMPANY and DOES 1 through 100, | |
| 24      Defendants. | Date:     July 14, 2008<br>Time:     4:00 p.m.<br>Courtroom: G<br>Before:    Hon. Bernard Zimmerman |

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9 and the Court's April 2, 2008 Order, Plaintiffs Charles Davidson ("Davidson") and CD & PWS Enterprises, Inc. ("CD") and Defendant ConocoPhillips Company ("ConocoPhillips") submit this Joint Case Management Statement and Rule 26(f) Report.

1. <u>Jurisdiction and Service</u>.  The Court has federal diversity jurisdiction over this matter, as it is a civil action between citizens of different states and the amount allegedly in controversy exceeds $75,000.  ConocoPhillips does not dispute personal jurisdiction or that this Court is the proper venue for this action.  No parties remain to be served.

2. <u>Facts</u>.  From 2001 to 2007, CD operated a Union 76 petroleum service station in San Ramon, California ("the Station") as a ConocoPhillips franchisee, pursuant to a succession of three-year written agreements (collectively, the "Franchise Agreements").[1]  Davidson executed the final of the three Franchise Agreements on November 6, 2006.  ConocoPhillips contends that the Franchise Agreements were all fully integrated, and included provisions permitting modification only by writing signed by both parties. Plaintiffs disagree.

Plaintiffs allege that in 2002 and 2003 ConocoPhillips made various representations to CD and Davidson regarding a program by which CD could construct a car wash at the Station in return for monthly rent rebates by ConocoPhillips.  Plaintiffs also allege that ConocoPhillips concealed information about the rent rebate program sometime between 2003 and 2006.  Plaintiffs contend that these affirmative representations and omissions gave rise to an oral contract, and further constitute intentional and negligent misrepresentations and unfair business practices (pursuant to California Business and Professions Code section 17200) by ConocoPhillips.

ConocoPhillips contends that it never advised either Plaintiff that it would reimburse such costs, much less incurred any legal obligation to do so.   Rather, ConocoPhillips contends that although it may have sent Plaintiffs generalized information regarding dealer improvement programs under which reimbursement might be available, it explicitly advised Plaintiffs that it would not provide reimbursement for the alleged car wash modifications.

---

[1] ConocoPhillips owns the Station (i.e., the real property and improvements), as well as the Union 76 trademarks and associated intellectual property.  Davidson is the president and an owner of CD.

3. <u>Legal Issues</u>. As addressed more fully in ConocoPhillips' motion to dismiss, ConocoPhillips contends that Plaintiffs' claims are precluded on various legal grounds including the statute of frauds and parol evidence rule. ConocoPhillips further contends that the various alleged representations and communications alleged by Plaintiffs are insufficient to establish the formation of a contractual agreement, and likewise do not support claims for fraud or unfair business practices.

4. <u>Motions</u>. ConocoPhillips moved to dismiss the Complaint pursuant to Rule 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted. The Court denied ConocoPhillips' motion. ConocoPhillips intends to move for summary judgment.

5. <u>Amendment of Pleadings</u>. Plaintiffs do not currently anticipate amending their Complaint or adding new parties. ConocoPhillips will answer the Complaint and assert all appropriate affirmative defenses, and may assert any appropriate counterclaims.

6. <u>Evidence Preservation</u>. The parties do not currently anticipate any issues regarding the preservation of evidence. The parties will work together to establish protocols, if necessary, for the production of electronic files or voluminous records.

7. <u>Disclosures</u>. The parties agree to make Initial Disclosures pursuant to Rule 26 no later than August 1, 2008.

8. <u>Discovery</u>. The parties have not yet commenced any discovery. ConocoPhillips currently plans to take the depositions of Davidson and any relevant owners, employees or other representatives of CD, as well as any other relevant individuals of which it may learn during the course of discovery. ConocoPhillips intends to complete the deposition of Davidson within 75 days of the Case Management Conference.

Plaintiffs intend to take the depositions of ConocoPhillips, its representatives, and other individuals Plaintiffs of which Plaintiffs learn during discovery and investigation.

The parties intend to conduct written discovery via interrogatories, requests for admissions and requests for production of documents. The parties agree, and request that the Court order, that each Plaintiff may propound 25 interrogatories on ConocoPhillips, and that

1  ConocoPhillips may propound 25 written interrogatories on each Plaintiff.  The parties do not

2  request at this time that the Court impose any limitation with respect to the number of requests

3  for admissions or requests for document production that may be served.

4        The parties do not propose that discovery should be conducted in phases or limited to

5  particular issues.

6        9.    <u>Class Actions</u>.  Not applicable; this case is not a class action.

7        10.    <u>Related Cases</u>.  No related cases or proceedings are pending before another judge

8  of this court, or before another court or administrative body.

9        11.    <u>Relief</u>.  Plaintiffs seek general and special damages of $3,500,000 and punitive

10  damages of $3,000,000.  If Plaintiffs prevail on any of their claims, they will request an award of

11  attorneys' fees and costs, including a contingent risk multiplier.

12        ConocoPhillips contends that even if liability could be established, certain categories of

13  damages sought by Plaintiffs would not be recoverable because they were not foreseeable at the

14  time of the alleged promises and/or were not caused by any act or omission of ConocoPhillips.

15  ConocoPhillips also disputes the manner in which Plaintiffs' damages are calculated.  Such

16  issues will likely be the subject of expert analysis and discovery.

17        ConocoPhillips contends that it would be entitled to an award of attorneys' fees and costs

18  should it prevail on any of Plaintiffs' claims.

19        12.    <u>Settlement and ADR</u>.  The parties have stipulated to mediate.  The Court has

20  ordered the parties to complete mediation no later than October 24, 2008.  The parties are

21  amenable to attending a settlement conference conducted by a Magistrate Judge.

22        13.    <u>Consent to Magistrate Judge For All Purposes</u>.  The parties have consented to the

23  jurisdiction of United States Magistrate Judge Bernard Zimmerman for all further proceedings

24  including trial and entry of judgment.

25        14.    <u>Other References</u>.  The parties do not believe the case is suitable for reference to

26  binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

27

28

1   15. <u>Narrowing of Issues</u>.  The parties will work together in an effort to narrow the
2   issues by entering appropriate stipulations or otherwise.  The parties believe, however, that it
3   will be necessary first to complete some discovery.

4   16. <u>Expedited Schedule</u>.  The parties do not believe this is the type of case that can be
5   handled on an expedited basis with streamlined procedures.

6   17. <u>Scheduling</u>.  The parties propose the following case deadlines:
7   Expert Designation:  March 16, 2009
8   Discovery Cutoff:  May 25, 2009
9   Hearing of Dispositive Motions:  June 29, 2009
10  Pretrial Conference:  July 20, 2009
11  Trial:  August 17, 2009

12  18. <u>Trial</u>.  The parties currently anticipate a 7-9 day trial, although discovery has not
13  yet commenced.  Plaintiffs have demanded a trial by jury.

14  19. <u>Disclosure of Non-party Interested Entities or Persons</u>.  The parties have not filed
15  the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16, but will
16  do so no later than July 25, 2008.  Pursuant to Civil Local Rule 3-16, Plaintiffs certify that as of
17  this date, other than the named parties, there is no such interest to report.

18  Dated: July 7, 2008          LAW OFFICE OF ANTHONY J. SPERBER
                                 ANTHONY J. SPERBER
19
20
                                 By: /s/
21                                   Attorney for Plaintiffs Charles Davidson and
                                     CD & PWS Enterprises, Inc.
22

23  Dated: July 7, 2008          GLYNN & FINLEY, LLP
                                 CLEMENT L. GLYNN
24                               ADAM FRIEDENBERG
                                 JONATHAN A. ELDREDGE
25

26
                                 By: /s/
27                                   Attorneys for Defendant
                                     ConocoPhillips Company
28