1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  CHARLES DAVIDSON and CD &    )
    PWS ENTERPRISES, INC.,       )
12                               )      No. C08-1756 BZ
              Plaintiff(s),      )
13                               )      **ORDER SCHEDULING**
         v.                      )      **JURY TRIAL AND**
14                               )      **PRETRIAL MATTERS**
    CONOCOPHILLIPS CO. AND DOES  )
15  1-100,                       )
                                 )
16            Defendant(s).      )
    ─────────────────────────────)
17

18      Following the Case Management Conference, **IT IS HEREBY**

**ORDERED** that the Case Management Statement is adopted, except
19

as expressly modified by this Order.  It is further **ORDERED**
20

that:
21

1.   DATES
22

Trial Date: **Monday, 8/3/2009, 9 days**
23

Pretrial Conference: **Tuesday, 7/14/2009, 4 p.m.**
24

Last Day to Hear Dispositive Motions: **Wednesday, 6/3/2009**
25

Last Day for Expert Discovery: **Friday, 5/1/2009**
26

Last Day for Expert Disclosure: **Friday, 4/3/2009**
27

Last Day for Rebuttal Expert Disclosure: **Friday, 4/17/2009**
28

1

1 | Close of Non-expert Discovery: **Friday, 3/27/2009**

2 | 2.    DISCLOSURE AND DISCOVERY

3 |     The parties are reminded that a failure to voluntarily

4 | disclose information pursuant to Federal Rule of Civil

5 | Procedure 26(a) or to supplement disclosures or discovery

6 | responses pursuant to Rule 26(e) may result in exclusionary

7 | sanctions.  Thirty days prior to the close of non-expert

8 | discovery, lead counsel for each party shall serve and file a

9 | certification that all supplementation has been completed.

10 |     In the event a discovery dispute arises, **lead counsel** for

11 | each party shall meet in person or, if counsel are outside the

12 | Bay Area, by telephone and make a good faith effort to resolve

13 | their dispute.  Exchanging letters or telephone messages about

14 | the dispute is insufficient.  The Court does not read

15 | subsequent positioning letters; parties shall instead make a

16 | contemporaneous record of their meeting using a tape recorder

17 | or a court reporter.

18 |     In the event they cannot resolve their dispute, the

19 | parties must participate in a telephone conference with the

20 | Court **before** filing any discovery motions or other papers.

21 | The party seeking discovery shall request a conference in a

22 | letter filed electronically not exceeding two pages (with no

23 | attachments) which briefly explains the nature of the action

24 | and the issues in dispute.  Other parties shall reply in

25 | similar fashion within two days of receiving the letter

26 | requesting the conference.  The Court will contact the parties

27 | to schedule the conference.

28 | 3.    MOTIONS

1      Consult Civil Local Rules 7-1 through 7-5 and this

2   Court's standing orders regarding motion practice.  Motions

3   for **summary judgment** shall be accompanied by a statement of

4   the material facts not in dispute supported by citations to

5   admissible evidence.  The parties shall file a joint statement

6   of undisputed facts where possible.  If the parties are unable

7   to reach complete agreement after meeting and conferring, they

8   shall file a joint statement of the undisputed facts about

9   which they do agree.  Any party may then file a separate

10  statement of the additional facts that the party contends are

11  undisputed.  A party who without substantial justification

12  contends that a fact is in dispute is subject to sanctions.

13      A Chambers copy of all briefs shall be e-mailed in

14  WordPerfect or Word format to the following address:

15  bzpo@cand.uscourts.gov.

16  4.   MEDIATION

17      By agreement of the parties, this matter has been

18  referred for a Mediation.  The parties shall promptly notify

19  the Court whether the case is resolved at the Mediation.

20  5.   SETTLEMENT

21      This case is referred for assignment to a Magistrate

22  Judge to conduct a settlement conference in March or April

23  2009 in the event the case is not resolved at the Mediation.

24  Counsel will be contacted by that judge's chambers with a date

25  and time for the conference.

26  6.   PRETRIAL CONFERENCE

27      Not less than thirty days prior to the date of the

28  pretrial conference, the parties shall meet and take all steps

1  necessary to fulfill the requirements of this Order.

2       Not less than twenty-one days prior to the pretrial

3  conference, the parties shall: (1) serve and file a joint

4  pretrial statement, containing the information listed in

5  **Attachment 1**, and a proposed pretrial order; (2) serve and

6  file trial briefs, Daubert motions, motions *in limine*,

7  proposed findings of fact and conclusions of law, and

8  statements designating excerpts from discovery that will be

9  offered at trial (specifying the witness and page and line

10 references); (3) exchange exhibits, agree on and number a

11 joint set of exhibits and number separately those exhibits to

12 which the parties cannot agree; (4) deliver all marked trial

13 exhibits directly to the courtroom clerk, Ms. Voltz; (5)

14 deliver one extra set of all marked exhibits directly to

15 Chambers; and (6) submit all exhibits in three-ring binders.

16 Each exhibit shall  be marked with an exhibit label as

17 contained in **Attachment 2**.  The exhibits shall also be

18 separated with correctly marked side tabs so that they are

19 easy to find.

20      No party shall be permitted to call any witness or offer

21 any exhibit in its case in chief that is not disclosed at

22 pretrial, without leave of Court and for good cause.

23      Lead trial counsel for each party shall meet and confer

24 in an effort to resolve all disputes regarding anticipated

25 testimony, witnesses and exhibits.  All Daubert motions,

26 motions *in limine*, and objections will be heard at the

27 pretrial conference.  Not less than eleven days prior to the

28 pretrial conference, the parties shall serve and file any

4

1  objections to witnesses or exhibits or to the qualifications

2  of an expert witness.  Daubert motions and motion *in limine*

3  shall be filed and served not less than twenty days prior to

4  the conference.  Oppositions shall be filed and served not

5  less than eleven days prior to the conference.  There shall be

6  no replies.

7       Not less than twenty-one days prior to the pretrial

8  conference the parties shall serve and file requested voir

9  dire questions, jury instructions, and forms of verdict.  The

10 following jury instructions from the *Manual of Model Civil*

11 *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

12 given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

13 3.1-3.3.  Do not submit a copy of these instructions.  Counsel

14 shall submit a joint set of case specific instructions.  Any

15 instructions on which the parties cannot agree may be

16 submitted separately.  The Ninth Circuit Manual should be used

17 where possible.  Each requested instruction shall be typed in

18 full on a separate page with citations to the authority upon

19 which it is based.  Proposed jury instructions taken from the

20 Ninth Circuit Manual need only contain a citation to that

21 source.  Any modifications made to proposed instructions taken

22 from a manual of model instructions must be clearly indicated.

23 In addition, all proposed jury instructions should conform to

24 the format of the Example Jury Instruction attached to this

25 Order.  Not less than eleven days prior to the pretrial

26 conference, the parties shall serve and file any objections to

27 separately proposed jury instructions.

28      Jury instructions that the Court has given in prior cases

1   may be downloaded from the Northern District website at

2   **http:\\www.cand.uscourts.gov**.  (Instructions are located on

3   the "Judge Information" page for Magistrate Judge Zimmerman.)

4   The Court will generally give the same instructions in cases

5   involving similar claims unless a party establishes, with

6   supporting authorities, that the instruction is no longer

7   correct or that a different instruction should be given.  CACI

8   instructions generally will be given instead of BAJI

9   instructions.

10      All motions, jury instructions and trial briefs shall be

11   e-mailed in WordPerfect or Word format to the following

12   address: bzpo@cand.uscourts.gov.

13      At the time of filing the original with the Clerk's

14   Office, two copies of all documents (but only one copy of the

15   exhibits) shall be delivered directly to Chambers (Room 15-

16   6688).  Chambers' copies of all pretrial documents shall be

17   three-hole punched at the side, suitable for insertion into

18   standard, three-ring binders.

19   Dated: July 15, 2008

20

21                         Bernard Zimmerman
                 United States Magistrate Judge

22

23

24 G:\BZALL\-BZCASES\DAVIDSON V. CONOCOPHILLIPS\ORDER SCHEDULING JURY TRIAL AND
PRETRIAL MATTERS.wpd

25

26

27

28

1

**ATTACHMENT 1**

2       The parties shall file a joint pretrial conference
statement containing the following information:

3

        (1) **The Action.**

4

            (A)   Substance of the Action. A
5                  brief description of the
                   substance of claims and
6                  defenses which remain to be
                   decided.

7

            (B)   Relief Prayed. A detailed
8                  statement of each party's
                   position on the relief
9                  claimed, particularly
                   itemizing all elements of
10                 damages claimed as well as
                   witnesses, documents or other
11                 evidentiary material to be
                   presented concerning the
12                 amount of those damages.

13      (2) **The Factual Basis of the Action.**

14          (A)   Undisputed Facts. A plain and
                  concise statement of all
15                relevant facts not reasonably
                  disputable, as well as which
16                facts parties will stipulate
                  for incorporation into the
17                trial record without the
                  necessity of supporting
18                testimony or exhibits.

19          (B)   Disputed Factual Issues. A
                  plain and concise statement of
20                all disputed factual issues
                  which remain to be decided.

21

            (C)   Agreed Statement. A statement
22                assessing whether all or part
                  of the action may be presented
23                upon an agreed statement of
                  facts.

24

            (D)   Stipulations. A statement of
25                stipulations requested or
                  proposed for pretrial or trial
26                purposes.

27      (3) **Trial Preparation.**

28      A brief description of the efforts the parties have

7

1   made to resolve disputes over anticipated testimony,
    exhibits and witnesses.

2

3           (A)   Witnesses to be Called. In
                  lieu of FRCP 26(a)(3)(A), a
                  list of all witnesses likely

4                 to be called at trial, other
                  than solely for impeachment or

5                 rebuttal, together with a
                  brief statement following each

6                 name describing the substance
                  of the testimony to be given.

7

            (B)   Estimate of Trial Time. An

8                 estimate of the number of
                  court days needed for the

9                 presentation of each party's
                  case, indicating possible

10                reductions in time through
                  proposed stipulations, agreed

11                statements of facts, or
                  expedited means of presenting

12                testimony and exhibits.

13          (C)   Use of Discovery Responses. In
                  lieu of FRCP 26(a)(3)(B), cite

14                possible presentation at trial
                  of evidence, other than solely

15                for impeachment or rebuttal,
                  through use of excerpts from

16                depositions, from
                  interrogatory answers, or from

17                responses to requests for
                  admission.  Counsel shall

18                state any objections to use of
                  these materials and that

19                counsel has conferred
                  respecting such objections.

20

            (D)   Further Discovery or Motions.

21                A statement of all remaining
                  motions, including <u>Daubert</u>

22                motions.

23      (4) **Trial Alternatives and Options.**

24          (A)   Settlement Discussion. A
                  statement summarizing the

25                status of settlement
                  negotiations and indicating

26                whether further negotiations
                  are likely to be productive.

27

            (B)   Amendments, Dismissals. A

28

statement of requested or
proposed amendments to
pleadings or dismissals of
parties, claims or defenses.

      (C)   Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

   (5) **Miscellaneous.**

     Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

**ATTACHMENT 2**

1

2

**USDC**
Case No. CV08-01756 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-01756 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

3

4

5

6

**USDC**
Case No. CV08-01756 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-01756 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

7

8

9

10

**USDC**
Case No.  CV08-01756 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-01756 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

11

12

13

14

**USDC**
Case No. CV08-01756 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-01756 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

15

16

17

18

**USDC**
Case No. CV08-01756 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-01756 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

19

20

21

22

**USDC**
Case No. CV08-01756 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-01756 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

23

24

25

26

27

28