1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  ADAM FRIEDENBERG, Bar No. 205778
   JONATHAN A. ELDREDGE, Bar No. 238559
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975
   cglynn@glynnfinley.com
6  afriedenberg@glynnfinley.com
   jeldredge@glynnfinley.com
7
   Attorneys for Defendant
8  ConocoPhillips Company

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12
                                          )  **Case No. C 08-01756 BZ**
13  CHARLES DAVIDSON and CD & PWS          )
    ENTERPRISES, INC.,                     )  **DEFENDANT CONOCOPHILLIPS**
14                                         )  **COMPANY'S ANSWER TO**
                        Plaintiffs,        )  **PLAINTIFFS' COMPLAINT**
15                                         )
              vs.                          )  **Judge:  Hon. Bernard Zimmerman**
16                                         )
    CONOCOPHILLIPS COMPANY and DOES        )
17  1 through 100,                         )
                                           )
18                      Defendants.        )
    _____)
19

20

21          Defendant ConocoPhillips Company ("Defendant") hereby answers the Complaint

22  of Plaintiffs Charles Davidson ("Davidson") and CD & PWS Enterprises, Inc. ("CD").

23  (Davidson and CD are referred to herein collectively as "Plaintiffs.")

24                          **GENERAL ALLEGATIONS**

25          1.      Defendant is without knowledge or information sufficient to form a belief

26  as to the truth of the allegations of paragraph 1 and on that basis deny them.

27          2.      Defendant admits the allegations of paragraph 2.

28          3.      Defendant denies the allegations of paragraph 3.

1      4.      Defendant is without knowledge or information sufficient to form a belief

2  as to the truth of the allegations of paragraph 4 and on that basis denies them.

3      5.      Defendant denies the allegation of paragraph 5 that Plaintiffs purchased or

4  acquired "a gas station, convenience store and service bays for repairing automobiles."

5  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

6  allegation of paragraph 5 that "CONOCO . . . is the only oil company relevant to this case" and

7  on that basis denies this allegation.  Defendant admits the other allegations of paragraph 5.

8      6.      Defendant admits the allegation of paragraph 6 that "PLAINTIFFS were

9  informed of a rental reimbursement program . . . ."  Defendant denies the other allegations of

10  paragraph 6.

11      7.      Defendant admits the allegation of paragraph 7 that it sent a letter to

12  Plaintiffs on or about July 25, 2003.  Defendant denies the allegations of paragraph 7 that "[t]here

13  was absolutely no indication in this letter that rent reimbursement was unavailable to

14  PLAINTIFFS or that PLAINTIFFS were mistaken in their understanding that they were eligible

15  for the rent reimbursement." Defendant is without knowledge or information sufficient to form a

16  belief as to the truth of the other allegations of paragraph 7 and on that basis denies them.

17      8.      Defendant is without knowledge or information sufficient to form a belief

18  as to the truth of the allegations of paragraph 8 and on that basis denies them.

19      9.      Defendant is without knowledge or information sufficient to form a belief

20  as to the truth of the allegations of paragraph 9 and on that basis denies them.

21      10.      Defendant is without knowledge or information sufficient to form a belief

22  as to the truth of the allegations of paragraph 10 and on that basis denies them.

23      11.      Defendant admits that Greg Pellegrino met with Charles Davidson at the

24  Big Horn Steakhouse, but otherwise denies the allegation in the first sentence of paragraph 11.

25  Defendant denies the allegations of paragraph 11 that "Mr. Pellegrino attempted to characterize

26  rental reimbursement as discretionary, threatened to refuse to reimburse PLAINTIFFS and left

27  the meeting stating that he would 'think about it.'"  Defendant denies the allegation of paragraph

28  11 that Plaintiffs had never been informed of the cancellation of rent reimbursement programs.

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

1    Defendant admits the other allegations of paragraph 11

2        12.    Defendant admits that Plaintiffs made an ethics complaint to

3    ConocoPhillips in April 2007.  Defendant is without knowledge or information sufficient to form

4    a belief as to the truth of the other allegations of paragraph 12 and on that basis denies them.

5        13.    Defendant is without knowledge or information sufficient to form a belief

6    as to the truth of, and on that basis denies, the allegations of paragraph 13 that the "total cost"

7    was "$455,000," that "PLAINTIFFS immediately contacted CONOCO. . ." and that Plaintiffs

8    "refused to sign this agreement since it left $180,000 of the investment uncompensated."

9    Defendant admits the other allegations of paragraph 13.

10        14.    Defendant is without knowledge or information sufficient to form a belief

11    as to the truth of the allegations of paragraph 14 and on that basis denies them.

12        15.    Defendant admits that CD operated another 76 station in Pleasanton,

13    California.  Defendant further admits that CD failed to sell gasoline and, therefore, violated the

14    Dealer Station Lease and Motor Fuel Supply Agreement.  Defendant denies the remaining

15    allegations of paragraph 15, and specifically denies that it committed or engaged in any

16    "wrongful actions."

17        16.    Defendant admits that Plaintiffs sold the Pleasanton station.  Defendant

18    denies the remaining allegations of paragraph 16.

19        17.    Defendant denies the allegation of paragraph that "Davidson and his wife

20    have suffered immeasurably due to CONOCO'S willful refusal to fully reimburse PLAINTIFFS

21    for their significant investment in the gas station" and specifically denies that it refused, willfully

22    or otherwise, to reimburse Plaintiffs for such investment.  Defendant further denies that its acts or

23    omissions in any way caused any of the "losses" alleged by Plaintiffs.  Defendant is without

24    knowledge or information sufficient to form a belief as to the truth of the other allegations of

25    paragraph 14 and on that basis denies them.

26    / / /

27    / / /

28    / / /

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

1

**FIRST CLAIM FOR RELIEF**

2

**(Breach of Contract)**

3      18.    Defendant incorporates and repleads paragraphs 1 through 17 above as

4    though fully set forth herein.

5      19.    Defendant denies the allegations of paragraph 19.

6      20.    Defendant denies the allegations of paragraph 20.

7      21.    Defendant denies the allegations of paragraph 21 and specifically denies

8    that it failed and/or refused to perform any contractual obligations or that any contract as alleged

9    by Plaintiffs existed.

10     22.    Defendant is without knowledge or information sufficient to form a belief

11    as to the truth of the allegations of paragraph 22 and on that basis denies them.

12     23.    Defendant admits that it terminated the Dealer Station Lease and Motor

13    Fuel Supply Agreement with CD as a result of CD's breaches of that agreement.  Defendant

14    denies the other allegations of paragraph 23 and specifically denies that it refused "to abide by

15    the contract" or that any such contract existed as alleged by Plaintiffs.

16     24.    Defendant is without knowledge or information sufficient to form a belief

17    as to the truth of the allegations of paragraph 24 that "Davidson has made a concerted effort to

18    obtain employment in order to mitigate his damages, but has been refused" and on that basis

19    denies them.  Defendant denies the other allegations of paragraph 24.

20     25.    Defendant denies the allegations of paragraph 25 and specifically denies

21    the allegations that it breached any obligations, or is liable, to Plaintiffs.

22

**SECOND CLAIM FOR RELIEF**

23

**(Intentional Misrepresentation)**

24     26.    Defendant incorporates and repleads paragraphs 1 through 25 above as

25    though fully set forth herein.

26     27.    Defendant denies the allegations of paragraph 27.

27     28.    Defendant denies the allegations of paragraph 28, and specifically denies

28    that it misrepresented and/or concealed any facts.

29.    Defendant denies the allegations of paragraph 29, and specifically denies that it misrepresented and/or concealed any facts.

30.    Defendant denies the allegations of paragraph 30, and specifically denies that it misrepresented and/or concealed any facts.

31.    Defendant denies the allegations of paragraph 31, and specifically denies that it misrepresented and/or concealed any facts.

## THIRD CLAIM FOR RELIEF

### (Negligent Misrepresentation)

32.    Defendant incorporates and repleads paragraphs 1 through 31 above as though fully set forth herein.

33.    Defendant denies the allegations of paragraph 33, and specifically denies that it misrepresented and/or concealed any facts.

34.    Defendant denies the allegations of paragraph 34, and specifically denies that it misrepresented and/or concealed any facts.

35.    Defendant denies the allegations of paragraph 35, and specifically denies that it misrepresented and/or concealed any facts.

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices)

36.    Defendant incorporates and repleads paragraphs 1 through 35 above as though fully set forth herein.

37.    Paragraph 37 states a legal conclusion, to which Defendant is not required to respond.

38.    Paragraph 38 states a legal conclusion, to which Defendant is not required to respond.  To the extent paragraph 38 contains allegations to which Defendant is required to respond, Defendant admits it sells petroleum products to the public.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 38.

39.    Defendant denies the allegations of paragraph 39.

40.    Defendant denies the allegations of paragraph 40 and specifically denies

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

1   that it committed any of the acts or engaged in any of the practices alleged by Plaintiffs in

2   paragraph 40.

3        41.   Defendant denies the allegations of paragraph 41.

4        42.   Paragraph 42 states a legal conclusion, to which Defendant is not required

5   to respond.  To the extent paragraph 42 contains allegations to which Defendant is required to

6   respond, Defendant denies that Plaintiffs are entitled to the remedies sought by Plaintiffs in

7   paragraph 42.

8                          **AFFIRMATIVE DEFENSES**

9        As separate and affirmative defenses to the Complaint and each cause of action

10  asserted therein, Defendant avers as follows.

11                      **FIRST AFFIRMATIVE DEFENSE**

12                          **(Failure to State a Claim)**

13       The Complaint and each purported claim for relief therein fails to plead sufficient

14  facts to state a claim upon which relief can be granted.

15                     **SECOND AFFIRMATIVE DEFENSE**

16                               **(Standing)**

17       Defendant is informed and believes, and thereon avers, that CD and/or Davidson

18  lack standing to assert the purported claims for relief alleged in the Complaint.

19                      **THIRD AFFIRMATIVE DEFENSE**

20                               **(Laches)**

21       Defendant is informed and believes, and thereon avers, that Plaintiffs' claims are

22  barred by the doctrine of laches.

23                     **FOURTH AFFIRMATIVE DEFENSE**

24                        **(Statutes of Limitation)**

25       Defendant is informed and believes, and thereon avers, that the Complaint and

26  each purported cause of action therein is barred by applicable statutes of limitations.

27  / / /

28  / / /

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes, and thereon avers, that Plaintiffs' purported claims are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes, and thereon avers, that Plaintiffs' purported claims are barred by the doctrine of equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes, and thereon avers, that Plaintiffs' purported claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant is informed and believes, and thereon avers, that Plaintiffs have failed to mitigate their damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

Defendant is informed and believes, and thereon avers, that Plaintiffs failed to exercise ordinary care and prudence to avoid the injuries and damages alleged in the complaint, and that said lack of care proximately caused and contributed to the injuries and damages alleged, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Intervening Cause)**

Defendant is informed and believes, and thereon avers, that the sole cause of Plaintiffs' alleged damages, if any, was the acts or omissions of Plaintiffs and/or of third parties for whose acts or omissions Defendant is not legally responsible.

///

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Full or Substantial Performance)**

Defendant has fully or substantially performed any and all contractual obligations owed Plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Integration / Parol Evidence Rule)**

To the extent Plaintiffs seek to make claims that vary the terms of the integrated agreements referenced in the Complaint, and any other integrated agreements existing between either Plaintiff and Defendant, any such claim is precluded by the express terms and conditions of the integrated agreements and by the parol evidence rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

Plaintiffs' claims are barred and precluded by the statute of frauds.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

Defendant has complied at all times with all applicable Federal and State statutes and regulations including, but not limited to, the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq*. (the "PMPA").

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

The PMPA provides the exclusive remedy for claims related to the non-renewal or termination of a petroleum franchise relationship and thus preempts Plaintiffs' claims, and any state law, to the extent such claims or law are inconsistent with the PMPA.

**SIXTEENTH DEFENSE**

**(Punitive Damages Unconstitutional)**

The Complaint fails to allege facts sufficient to state a claim for exemplary or punitive damages, and an award of exemplary or punitive damages in this action would violate the United States and California constitutions.

1

**SEVENTEENTH DEFENSE**

2

**(Limitation of Remedies)**

3      Defendant is informed and believes, and thereon avers, that the dispute referenced

4   in the Complaint was subject to provisions that limited Plaintiffs' remedies, pursuant to which

5   Defendant has discharged all of its obligations to Plaintiffs, or any of them.

6

**EIGHTEENTH DEFENSE**

7

**(Unforeseeability)**

8      The damages alleged by Plaintiffs were neither foreseen by the parties at the time

9   of contracting, nor reasonably foreseeable, and hence their recovery is precluded.

10

**NINETEENTH DEFENSE**

11

**(Setoff)**

12      Plaintiffs' damages, if any, must be reduced or offset by amounts owed by

13   Plaintiffs to Defendant.

14

**RESERVATION OF AFFIRMATIVE DEFENSES**

15      Defendant reserves the right, without incurring the obligation, to assert additional

16   affirmative defenses upon discovery of the particulars of Plaintiffs' claims, which are not

17   apparent on the face of the Complaint.

18      WHEREFORE, Defendant prays for relief as follows:

19      1.      That Plaintiffs take nothing by way of the Complaint, and the Complaint be

20   dismissed with prejudice;

21      2.      That judgment be entered in Defendant's favor with respect to the Complaint and

22   all causes of action alleged therein;

23      3.      That the Court award Defendant its costs of litigation, including expert fees and

24   reasonable attorneys' fees, to the extent permitted by contract and/or law; and

25   / / /

26   / / /

27   / / /

28   / / /

CONOCOPHILLIPS COMPANY'S ANSWER TO COMPLAINT

1    4.    For such other relief as the court may deem just and proper.

2

3        Dated: July 23, 2008

4                                    GLYNN & FINLEY, LLP
                                     CLEMENT L. GLYNN
5                                    ADAM FRIEDENBERG
                                     JONATHAN A. ELDREDGE
6                                    One Walnut Creek Center
                                     100 Pringle Avenue, Suite 500
7                                    Walnut Creek, CA  94596

8

9        By_____
                                     Attorneys for Defendant
10                                   ConocoPhillips Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -