# NIXON PEABODY LLP
### A T T O R N E Y S   A T   L A W

One Embarcadero Center
18th Floor
San Francisco, California 94111-3600
(415) 984-8200
Fax: (415) 984-8300

Robert L. Ebe
Direct Dial: (415) 984-8480
E-Mail: rebe@nixonpeabody.com

August 7, 2008

**VIA E-MAIL AND U.S. MAIL**

Anthony J. Sperber
Law Offices of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA  94710

Adam Friedenberg
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Ave., Ste. 500
Walnut Creek, CA  94596

Clement L. Glynn
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Ave., Ste. 500
Walnut Creek, CA  94596

Jonathan A. Eldredge
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Ave., Ste. 500
Walnut Creek, CA  94596

RE:    *Davidson v. ConocoPhillips Company*
       *Case No.:  C08-01756 BZ MED*

Dear Counsel:

As I believe you know, I have been appointed by the District Court to serve as the mediator in this case under the court's Mediation program.  Please be sure to review carefully ADR L.R. 6 which governs the Mediation program.  I believe you have access to my neutral's profile on the court's mediation program web site.  I have also enclosed a copy of my bio from my firm's website describing my professional experience to some extent.

Pursuant to ADR L.R. 6-6, I will conduct a phone conference with all counsel before the formal mediation to discuss the following:

- the procedures to be followed;
- the nature of the case;
- appropriate dates for the mediation and anticipated length of the session;
- the parties who must be present under ADR L.R. 6-9 and the parties who need to be present to have a productive mediation session;
- ideas to improve the effectiveness of the mediation session or matters that could pose impediments;

11111666.1

All Counsel
August 7, 2008
Page 2

- requirements for your written mediation statements;
- any questions you might have about how I normally conduct mediations; and
- any questions you might have about the mediation program.

I anticipate that the telephone conference will last approximately one-half hour. I am setting the telephone conference for next Friday, August 15, at 10:00 a.m. Please call my office within 24 hours after receiving this letter to confirm your availability. If you are not available, please let opposing counsel and me know alternative times within a week of this date when you are available. Before the telephone conference, please learn from your clients and any insurers a selection of dates upon which the mediation may be conducted. The final date that the mediation can be held is October 24, 2008, based on the current scheduling order.

In the interest of full disclosure under ADR L.R. 2-5(d) and 28 U.S.C. §455(a), I wish to advise you of the following matters that came to my attention after a check on my firm's standard computer database for potential conflicts of interest.

ConocoPhillips has been a client of some attorneys in our east coast offices, though I understand that those matters are closed. I believe they involved toxic tort issues. The same party, ConocoPhillips, has also been adverse in other toxic tort matters for other clients; those matters are also closed. ConocoPhillips also seems to be potentially adverse as a co-defendant with one of our clients in one or more other toxic tort matters; no cross-claims have been filed.

In addition, a Charles Davidson is revealed by our conflicts computer as aligned in some way with our client BPG Properties, Ltd. represented by a lawyer in our Washington, D.C. office. I do not know if this is the same Charles Davidson as in your case. Similarly, a Charles Davidson is shown as a plaintiff adverse to our client Kevin R. Parke represented by a lawyer in our Boston office. Finally, there is another Charles Davison shown on our computer who was adverse to our client Blair and Company in a matter that is closed.

I have not been involved in any of these matters, and know no more about them than I have disclosed here. Indeed, as you may know, I only joined the Nixon Peabody firm a few months ago. I do not believe that any of these matters would prevent me from serving as an unbiased mediator in this case, and I do not understand them to require automatic disqualification under 28 U.S.C. §455(b). However, if these matters cause you or your clients concern about my ability to serve impartially, you are required to communicate your objection in writing to the ADR Unit within ten calendar days of your receipt of this letter. (See ADR L.R. 2-5(d)).

11111666.1

NIXON PEABODY LLP

All Counsel
August 7, 2008
Page 3


I look forward to assisting you on this case.

Very truly yours,

Robert L. Ebe

cc:     Clerk's Office – ADR Unit
        Alice M. Fiel, ADR Case Administrator



**Robert L. Ebe**
Partner

rebe@nixonpeabody.com
415-984-8480
Fax: 415-984-8300

One Embarcadero Center, Suite 1800
San Francisco, CA 94111

### Practice Areas

Franchise & Distribution
Motor Vehicles
Beverage Alcohol
Antitrust
International Arbitration
Securities & Governance Litigation
Litigation & Dispute Resolution
China Group
International
Intellectual Property Litigation
Trade Secrets & Restrictive Covenants

### Experience

Robert Ebe is a partner in Nixon Peabody LLP's Business Litigation practice group. Mr. Ebe has represented clients in a wide variety of complex commercial litigation matters, including antitrust, trade regulation, and contract and business tort disputes in state and federal courts and in front of agencies and other tribunals.

Mr. Ebe has extensive experience in counseling manufacturers, distributors, franchisors and other participants in the distribution process, especially on antitrust and trade regulation issues. He has drafted nationwide distribution agreements and related documentation.

In addition to traditional litigation, Mr. Ebe also has significant experience in the arbitration and mediation of domestic and international business disputes. He is a member of the American Arbitration Association (AAA) Large Complex Commerical Dispute panel, the International Institute for Conflict Prevention & Resolution's (CPR) California arbitration/mediation panel and Western Region franchise specialty panel, and has served as a faculty trainer for the AAA.

### Representative Matters

- Represented South Korean manufacturer in termination of its U.S. distributor that failed to pay millions of dollars for commercial trucks specially designed for the U.S. market. Distributor alleged in both Canadian international arbitration and in Virginia federal court wrongful termination and breach of contracts (governed by Korean law) pursuant to an illegal conspiracy with another vehicle manufacturer, and violations of the U.S. antitrust laws (Sherman and Clayton Acts) and Virginia state statutes. Manufacturer prevailed in arbitration on claims for amounts

due, and distributor received only about 3 percent of its claimed termination damages. Related antitrust lawsuit subsequently settled favorably.

- Represented Japanese automobile manufacturer in California Superior Court litigation alleging contract, fraud, estoppel, special industry protection statute, reverse race discrimination and other theories in dispute between a dealer selling his franchise, the proposed buyer, and the alternative buyer to whom distributor assigned rights under buy/sell agreement after exercising right of first refusal. Case resolved on business basis after obtaining partial dismissal of claims.

- Represented major university's medical school, dean and department chair in litigation by professor alleging contract, tort and sexual orientation discrimination claims over non-renewal of faculty retention agreement. Settled after obtaining partial summary judgment of key claims.

- Represented major oil companies in litigation over economic damages from alleged contamination by MTBE of municipal ground water.

- Represented restaurant franchisor in defense of litigation by franchisee owners' association alleging that post-term non-compete provisions were unenforceable and that advertising funds were subject to special audit and other fiduciary obligations. Settled after obtaining partial summary judgment of key claims.

- Represented winery in contract, antitrust and business tort claims by replaced exclusive distributor. Good faith resolution affirmed on appeal after challenge.

- Tried to successful results distribution disputes including terminations (*e.g.*, failures to pay, unauthorized ownership transfer, consumer fraud, refusal to permit audits), encroachment, fraudulent representations, and other claims.


## Publications

- "Radisson and the Potential Demise of the Sealy-Barnes-Hinton Rule," American Bar Association Franchise Law Journal (Summer 2007), Co-author

- "Price Allowance Programs Here for the Long Haul: The Supreme Court Decision in Volvo Trucks North America v. Reeder-Simco GMC," Distribution (ABA, May 2006), Co-author

- "United States v. Dentsply: The Third Circuit Sinks Its Teeth Into Exclusive Dealing Issues," Distribution (ABA, February 2006)

- "Making US Courts Accept Foreign Arbitration," International Financial Law Review (September 2005), Co-author

- "The Nuts and Bolts of Arbitration," American Bar Association Franchise Law Journal (Fall 2002)

## Presentations

- Speaker, "Ownership, Protection and Use of Customer Data," ABA Forum on Franchising, Phoenix, Ariz. (October 2007)
- Speaker, "Primer on International Commercial Arbitration and Mediation: Legal Foundations and Practice Tips," California State Bar Annual Meeting (October 2002)
- Speaker, "Franchising and Distribution in the Automotive Industry," ABA Franchise Forum (October 1999)

**Awards**

- Legal Services for Children: 2008 Pro Bono Advocate Award
- SuperLawyer in Business Litigation, selected by *Law and Politics* and *San Francisco* magazines: 2007 and 2008.
- California Trout, Inc. : President's "Streamkeeper" Award

**Education**

The University of Chicago Law School, J.D., *cum laude*, Order of the Coif, Associate Editor of the Law Review
DePauw University, B.A., with distinction

**Admissions**

Mr. Ebe is admitted in California; the U.S. District Courts for the Eastern, Central, Northern, and Southern Districts of California; the U.S. Court of Appeals for the Ninth Circuit; and the U.S. Supreme Court.

**Affiliations**

- ABA Litigation, International Law,  and Antitrust Sections
- ABA Franchise Forum
- Association of Business Trial Lawyers
- Executive Committee (former), Business Law Section, State Bar of California
- Co-chair (former), Franchise Law Committee, State Bar of California, Business Law Section
- Bar Association of San Francisco
- International Bar Association