UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVIDSON and CD & PWS ENTERPRISES, INC., <br><br>　　　　Plaintiff(s), <br><br>　v. <br><br>CONOCOPHILLIPS CO. AND DOES 1-100, <br><br>　　　　Defendant(s). | No. C08-1756 BZ <br><br>**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION** |

　　　Plaintiffs have moved for summary adjudication of a number of issues pertaining to the enforceability of the integration provision in the Franchise Agreement.

　　　To the extent that plaintiffs seek adjudication of integration issues as they affect plaintiffs' contract claims, the motion is **DENIED AS MOOT**, inasmuch as the Court has granted defendant summary judgment on the contract claims.

　　　To the extent plaintiffs seek an adjudication that the integration provision does not bar plaintiffs' fraud and deceit claims, the motion is **GRANTED.**

　　　The thrust of plaintiffs' motion is that Section

1

1  2805(f)(1) of the Petroleum Marketing Practices Act (PMPA)
2  prevents defendant from asserting the integration provision to
3  bar plaintiffs' fraud and deceit claims.  That section
4  prohibits a franchisor from requiring, "as a condition of * *
5  * renewing the franchise relationship, a franchisee to release
6  or waive" - - * * *(B) any right that the franchisee may have
7  under any valid and applicable State law."  15 U.S.C.
8  § 2805(f)(1)(B).

9      Defendant argues first that the PMPA does not apply
10 since, as this Court ruled earlier on defendant's motion to
11 dismiss, plaintiff is not asserting claims under the PMPA.
12 However, it does not follow that a party needs to sue under
13 the PMPA to be protected by the PMPA.  Nor has defendant cited
14 any authority that would permit defendant to violate the PMPA
15 if it is not also being sued under the PMPA.

16     Defendant next argues that the PMPA does not apply
17 because the integration provision in its franchise agreement
18 is not a release or waiver under Section 2805(f)(1).  While
19 the integration provision is not labeled waiver or release,
20 defendant is interpreting the provision as having required
21 plaintiffs to give up their state law fraud and deceit claims
22 when they renewed the Franchise Agreement in 2007.
23 Defendant's argument would be stronger if plaintiffs' claims
24 arose out of misrepresentations allegedly made during the 2007
25 renewal negotiations, but they arise out of a course of
26 conduct which allegedly began in 2003.

27     The PMPA is remedial legislation which must be construed
28 liberally to effectuate is purpose of protecting franchisees.

1  Khorenian v. Union Oil Co., 761 F.2d 533, 535 (9th Circ.
2  1985).

> Congress enacted the PMPA with the primary goal of "protecting franchisees." See Khorenian v. Union Oil Co., 761 F.2d 533, 535 (9th Cir.1985) (internal quotes omitted). Such protection was needed in order to correct the great "disparity of bargaining power" between petroleum franchisors and franchisees. See S.Rep. No. 731, 95th Cong., 2d Sess., *in* 1978 U.S.C.C.A.N. 873, 876 [hereinafter *Legislative History* ]. According to the legislative history of the PMPA, petroleum franchise agreements generally are nothing more than "contracts of adhesion" that perpetuate the "continuing vulnerability of the franchisee to the demands and actions of the franchisor." *Id.*

Graham Oil Co. v. ARCO Products Co., 43 F.3d 1244, 1246 (9th Cir. 1994)

As explained in the Order on defendant's motion, plaintiffs have presented sufficient evidence to warrant a trial on their fraud and deceit claims.  Under these circumstances, I conclude that interpreting the integration provision to bar plaintiffs' fraud and deceit claims would run afoul of Section 2805(f)(1) of the PMPA.

Dated: July 10, 2009

                      /s/ Bernard Zimmerman
                      Bernard Zimmerman
                United States Magistrate Judge

G:\BZALL\-BZCASES\DAVIDSON V. CONOCOPHILLIPS\Order re Plaintiffs motionBZ.wpd